UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. LOUIS EMOVBIRA WILLIAMS,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL GOVERNMENT OF NIGERIA; ATTORNEY GENERAL OF THE FEDERAL GOVERNMENT OF NIGERIA; CENTRAL BANK OF NIGERIA; JPMORGAN CHASE & CO.; and JOHN DOES 1 - 10,<br><br>          Defendants. | Case No.: 1:23-cv-07356-(LJM)(SDA) |

### Declaration Of Gromyko Amedu Esq

I Gromyko Amedu of 148 Acre Lane Brixton London SW2 SUT, a legal practitioner in the United Kingdom, hereby declare as follows:

1. I am the principal in the firm of Gromyko Amedu Solicitors, with offices located at 148 Acre Lane Brixton London SW2 SUT.

1

2. I am the legal practitioner for the Defendants Federal Government of Nigeria (FGN) and Attorney General of the Federal Government of Nigeria (AG-FGN) (collectively, "Defendants"), in the action by the Plaintiff Doctor Louis Emovbira Williams relating to the default judgment that Mr. Williams obtained on Nov. 9, 2018 at The High Court Of Justice, Of England And Wales, Rolls Building Court, London, with Case No: CL-2016-000151, before Mrs Justice Moulder.

3. I make this declaration based on my personal knowledge of the facts stated herein and if called to testify, I will competently and truthfully testify to the following.

4. The Defendants retained my office to represent their interest in relation to the default judgment obtained by the Plaintiff against the Defendants at The High Court Of Justice, Of England And Wales, Rolls Building Court, London, before Hon. Mrs Justice Moulder, of Nov. 9, 2018. ("U.K. default judgment dated 11/09/2018" or "U.K. default Judgment"), after the Claimant had secured an interim Third-Party Debt Order (TPDO) in July 2020.

5. To enforce the U.K. judgment, Plaintiff applied to obtain a Final Third-Party Debtor Order (Final TPDO), within the provision of U.K. laws regulating judgment obtained by default, the Plaintiff's application for the court to issue the Final Third Party Debtor Order (Final TPDO) was scheduled for October 7, 2020. *A true copy of the application filed by the Plaintiff is attached herein as Exhibit A.*

6. Before the October 7, 2020, my office filed the Defendants application for an order setting aside the U.K. default judgment dated 11/09/2018. *A true copy of the application filed by the Defendants dated Sept. 28, 2020, is attached herein as Exhibit B.*

2

7. The Plaintiff's legal representatives acknowledged the receipt of the Defendants pending application notice dated 28th September 2020, to set aside the U.K. default judgment dated 11/09/2018.

8. The Plaintiff's Final Third Party Debtor Order (Final TPDO) application was discontinued on 6th October 2020, after the Plaintiffs was served with Defendants application to set aside the U.K. default judgment dated 11/9/2018.

9. As substantiated in ¶ *11* U.K. of the U.K default judgment dated 09/11/2018, Plaintiff obtained the default judgment pursuant to *Civil Procedure Rules 12.3, (CPR r. 12.3)* *A true copy of the* default judgment dated 11/09/2018 *is attached herein as Exhibit C, and the corresponding true copy of the provisions of (CPR r. 12.3) is attached herein as Exhibit D.*

10. The Defendants application for an order to set aside the U.K. default judgment is made pursuant to *Civil Procedure Rules 13; (CPR r.13),* which applies to an application notice for setting aside a default judgment entered under *CPR r.12* in default of filing an acknowledgement of service, and or defense. *A true copy of the provisions of (CPR r. 13) is attached herein as Exhibit E.*

11. *Civil Procedure Rules 40.10* *(CPR r. 40.10)* also applies to default judgment made against a state, and it prescribes when the default judgment should take effect, which is two months after services of the judgment in accordance with the order of the court together with the accompanying processes specified in *CPR r. 40.10(a-b). A true copy of the provisions of (CPR r. 40) is attached herein as Exhibit F.*

12. *Section 13 of the State Immunity Act 1978* also applies to the enforcement of a judgment

3

against the state in the UK. *A true copy of the provisions of* Section 13 of the State Immunity Act 1978 *is attached herein as Exhibit G.*

13. Since the Plaintiff's Final Third Party Debtor Order (Final TPDO) application got discontinued on October 6, 2020, my office has to date, not received services of any processes from the Plaintiff seeking enforcement of the U.K. default judgment dated 11/9/2018 against the Defendants in the U.K.

14. Pursuant to *Civil Procedure Rules (CPR r.13 and (CPR r. 40.10))*, and based on the defendants pending application to set aside the U.K. default judgment dated 11/9/2018, the issue of finality, conclusiveness, and enforceability of the U.K. default judgment dated 09/11/2018, turns on the outcome of Defendants pending application notice to set aside the U.K. default judgment dated 11/9/2018.

15. The Commercial Court, in London has not conducted a hearing on the Defendants application to set aside the U.K. default Judgment dated 11/9/2018. On 14th September 2023, the Defendants filed a request with the Commercial Court, London for a listing appointment for the 18th of September 2023 for purposes of fixing a hearing date for the Defendants pending application notice dated 09/28/2020, and we have received a confirmation from the Commercial Court that the listing appointment requested is fixed for the 18th of September 2023 at 11.00 – 11.30am. At the conclusion of the listing appointment of 09/18/2023, hearing of the defendants' application notice dated 09/28/2020 has been listed for the 27th October 2023, before the commercial court London. *A true copy of the Defendants most recent correspondence with commercial court London is attached herein as Exhibit H.*

4

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 18th day of September, 2023, in London, United Kingdom.

_____
Gromyko Amedu Esq