**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

06 Oct 2020

Claim No. CL-2016-000151

CL-2016-000151

**Before: Master Richard Davison**

Between:

**LOUIS EMOVBIRA WILLIAMS**

**Claimant**

- and -

**(1) THE FEDERAL REPUBLIC OF NIGERIA**

**(2) THE ATTORNEY GENERAL OF THE FEDERAL GOVERNMENT OF NIGERIA**

**Defendants**

- and -

**(1) JP MORGAN CHASE BANK N.A. LONDON**

**(2) STANDARD CHARTERED BANK**

**Third Parties**

- and -

**CENTRAL BANK OF NIGERIA**

**Intervener**

---

**CONSENT ORDER**

---

**UPON** the applications of the Claimant dated 16 July 2020 for third party debt orders (the **"TPDO Applications"**) in respect of accounts held by the Intervener with (i) JP Morgan Chase NA London and (ii) Standard Chartered Bank (the **"JPM and SCB Accounts"**)

**AND UPON** the Claimant obtaining interim third party debt orders in respect of the JPM and SCB Accounts on 17 July 2020 with final determination of the TPDO Applications listed for hearing on 7 October 2020

**AND UPON** the application of the Intervener dated 26 August 2020 for the Intervener to be joined as a party to the proceedings for the purpose of opposing the Claimant's TPDO Applications at the hearing listed for 7 October 2020 (the **"Intervener's Application"**)

**AND UPON** the Claimant having withdrawn his TPDO Applications

**AND UPON** the Intervener having also agreed to withdraw the Intervener's Application on the basis that the Claimant pays the Intervener's costs of its application on the standard basis, to be assessed if not agreed

**IT IS ORDERED BY CONSENT THAT:**

1.      The hearing listed for 7 October 2020 shall be vacated; and

2.      The Claimant shall pay the Intervener's costs of its application, to be assessed if not agreed, on the standard basis.

**Dated the this 6th day of October 2020**

**Service of the order**

The court has provided a sealed copy of the order to the serving party: Bryan Cave Leighton Paisner LLP, solicitors for the Intervener, at Governor's House, 5 Laurence Pountney Hill, London EC4R OBR

2

# Interim third party In the QBD Commercial Court Claim No
## CL-2016-000151
# debt order

**19 Jul 2020**

CL-2016-000151

|  | Louis Emovira Williams |
| --- | --- |
| **Claimant** | |
| | **The Federal Government of Nigeria** |
| **Defendant** | |
| | **JP Morgan Chase Bank NA**            **Third** |
| **Party** | |

**On the 17ᵀᴴ July 2020, Master Davison** Considered the application of the Claimant ("the judgment creditor")

from which it appears:
 a)   There is an amount owing by the Defendant ("the judgment debtor") under
      the order given on 9 November 2018 by Mrs Justice Moulder in claim no CL-2016-000151, and
 b) There is a debt due or accruing due by the third party to the judgment debtor

## And the court orders that

**1.** The application will be heard at 16:00 p.m. on the 7ᵀᴴ October 2020 at the Commercial Court, Rolls Buildings, Fetter Lane London EC4 1NL when a Master will decide whether a final third party debt order should be made.

**Final confirmation of the listing of this can be found on the Justice website** *http://www.justice.gov.uk/guidance/courts-and-tribunals/courts/daily-courtihearings.htm at approximately 2p.m*

**2.**  Until that hearing the third party must not, unless the court orders otherwise, pay to the    judgment debtor, or to any other person, any sum of money due or accruing due by the third party to the judgment debtor, except for any part of that sum which exceeds the total shown below.

Amount now owing under the judgment or order including interest
USD$16,951,085
and Costs awarded                                                      GBP£15,778

Court Fee                                                          GBP£110
Costs of this application which may be
allowed to the judgment creditor

Total expressed in GBP sterling                      £13,576,756

**This interim order does not authorise the third party to pay any money to the judgment creditor at this stage.**

| | |
|---|---|
| **To** | **Hardship** |
| **JP Morgan Chase Bank NA** society | If the third party is a bank or building |
| **25 Bank Street** family suffers | and the judgment debtor or their |
| **Canary Wharf** ordinary | hardship through not being able to meet |
| **London E14 5JP** | living expenses as a result of not being able to withdraw money from the account, a court may make a hardship payment order allowing some money to be paid out. An application form (N244) can be obtained from any court office (see overleaf for further details) |

**Hardship payment orders**
An application for a hardship payment order
May be made to:
**Any county court** where the interim third party debt
Order was made to a county court; or

**The Royal Courts of Justice** in London or to any
District registry, where the interim third party debt
Order was made  by the High Court.

A fee may be payable for the application, but in certain
Circumstances the applicant can apply for exemption
Or remission of the fee. Court staff can provide further
Details about remission and exemption and provide
The necessary forms.

If the judge makes a hardship payment order
the court will draw up an order which will be faxed
to the appropriate bank of building society who will
then be authorised to pay out the amount, or
amounts, specified in the order.

**What the third party will do**
If the third party is a bank of building society. It must
Search for all accounts held solely by the judgment
Debtor and, within 7 days of receiving this order, give
details of them to the court and the judgment creditor
stating whether it holds sufficient to cover the total
shown and, if not, the amounts in them.
A bank or building society may deduct an
Amount from any money held for the judgment
debtor, for its expenses in complying with this order.
This would be in addition to the total amount shown
above.

The application should be made using Form N244.
It must include details of the judgment creditor, the
Court where the interim third party debt order was
made, if different, and the claim number. The form
must include evidence of the hardship caused by not
being able to meet ordinary living expenses and must
be accompanied by documentary evidence such as
mortgage statements or rent book, wage or salary slips
and bank statements proving the applicant's financial
position. There will usually be a hearing.

If the third party is not a bank or building society
and claims to owe the judgment debtor no money
or less money than the total shown above, the third
party must tell the court and the judgment creditor
within 7 days of receiving this order

**The Final order**
If a final third party order is made at the
hearing, it will require the third party to pay
direct to the judgment creditor some or all
of the money which the third party owes to

In cases of exceptional urgency, the court may agree to  the judgment debtor.
Deal with the application without notice being given to
The judgment creditor. Details of why the application is
exceptionally urgent and why it should be dealt with
without notice to the creditor, should be set out in the
application

**PARTY DETAILS**

**The judgment creditor**
Name: Louis Emovbira Williams
Address for service: Westbrook Law Ltd
　　　　　　　　　35 New Broad Street
　　　　　　　　　London
Postcode　　　　　EC2M 1NH

**The judgment Debtor**
Name  The Federal Government
　　　　　of Nigeria
Address: Nigerian High Commission
　　　　　9 Northumberland Avenue
Postcode:  London  WC2N 5BX

**The Third party**
Name:  JP Morgan Chase Bank NA
Address for service:  25 Bank Street
　　　　　　　　　Canary Wharf, London
Postcode　　　　　E14 5JP

# Application for third party debt order

High Court of Justice QBD
Commercial Court

CL-2016-000151

Fee Account no.

Appn. no.

Louis Emovbira Williams

**Claimant**

The Federal Government of Nigeria
The Federal Attorney General of Nigeria

**Defendant**

JP Morgan Chase Bank NA

**Third Party**

The [claimant] [defendant] ('the judgment creditor') applies for an order that the third party pay to the judgment creditor the debt which the third party owes to the [defendant] [claimant] ('the judgment debtor') (or so much of it as is necessary to discharge the amount owing under the judgment or order given on 9th November                20 18  [by the Commercial Court                               in claim no. CL 2016-000151               ] and the costs of this application).

1. **Judgment debtor**
   The judgment debtor is The Federal Government of Nigeria
   whose address is
   Radio House, Herbert Macaulay Way South, Area 10, PMB 247, Garki, Abuja, Nigeria
   
   Postcode

2. **Judgment debt**
   The judgment or order required the judgment debtor to pay £ 13,950 +USD14,986,790 (including any costs and interest). The amount now due is £15778+$16951085 [which includes further interest].
   
   ☐ £_____ of the instalments due under the judgment or order has fallen due and remains unpaid. PAYMENT TO CLAIMANTS ACCOUNT SANTANDER  09-01-27  18817269
   
   ☑ The judgment or order did not provide for payment by instalments.

3. **Third party**
   The third party is within England and Wales and owes money to (or holds money to the credit of) the judgment debtor.
   
   The third party is a bank or building society.
   Its name is JP Morgan Chase Bank NA
   Its head office address in England and Wales is:
   25 Bank Street, Canary Wharf, London E14 5JP
   
   The branch at which the account is held is
   ☐ not known
   
   ☑ the 25 Bank Street, Canary Wharg, London E14 5JP
   whose address is
   
   The account number is                                    The sort code is
   ☐ not known                                                ☑ not known
   ☐ _____                                              ☐ _____

© Crown copyright 2014

N349 Application for third party debt order (05.14)

[The third party is a bank or building society]

☐ the third party is

whose address in England and Wales is

**4.  Other persons' interests**

The persons (in addition to the judgment debtor) who have a claim to the money owed by the third party are

☑ None

☐ The following: *(names and address(es))*

Information known about each person's claim:

**5.  Sources and grounds of information**

The judgment creditor knowns or believes that the information in section 3 and 4 is correct because:

JP Morgan Chase NA have been conducting banking activities from its London office for the Central Bank of Nigeria which is the holder of all bank accounts for the Judgment Debtor for many years

**6.  Other applications**

In respect of the judgment debt,

☐ the judgment creditor has made no other applications for third party debt orders.

☑ the judgment creditor has already made the following application(s) for third party debt order:

Details of application(s) made at same time against Standard Chartered Bank _____

Third party's name Standard Chartered Bank _____

Address 1 Basinghall Avenue, London EC2V 5DD

Postcode EC2V 5DD

---

**Statement of Truth**

\*I believe (the judgment creditor believes) that the facts stated in this application form are true.

\*I am duly authorised by the judgment creditor to sign this statement

signed _____ date 10/7/2020

\*(Judgment creditor)(Litigation friend *(where judgment creditor is a child or a patient)*)(Judgment creditor's solicitor)

\**delete as appropriate*

Full name Dr. Louis Emovbira Williams _____

Name of judgment creditor's solicitor's firm _____

position or office held _____ *(if signing on behalf of a firm or company)*

---

Judgment creditor's or judgment creditor's solicitor's address to which documents should be sent.

Dr L.E. Williams
1st Floor, 1 St Andrew's Hill
London EC4V 5BY

Postcode EC4V 5BY

| | *if applicable* |
|---|---|
| Ref. no. | |
| fax no. | |
| DX no. | |
| e-mail | |
| Tel. no. | 07768303442 |

# Interim third party debt order

In the QBD Commercial Court   Claim No. CL-2016-000151

| | |
|---|---|
| Louis Emovbira Williams | Claimant |
| The Federal Government of Nigeria | Defendant |
| JP Morgan Chase Bank NA | Third Party |



On                 20 20, [Master] [District Judge]

considered the application of the [claimant] [defendant] ('the judgment creditor'),

from which it appears:

   a) there is an amount owing by the [claimant] [defendant] ('the judgment debtor') under the judgment or order given on 9 November   20¹⁸  [by the Mrs Justice Moulder                    in claim no. CL-2016-000151      ] and

   b) there is a debt due or accruing due by the third party to the judgment debtor

**and the court orders** that

**1.** The application will be heard at           [a.m.][p.m.] on                    20

   at  Commercial Court, Rollls Buildings Fetter Lane, London EC4     when a judge will decide whether a final third party debt order should be made.

**2.** Until that hearing the third party must not, unless the court orders otherwise, pay to the judgment debtor, or to any other person, any sum of money due or accruing due by the third party to the judgment debtor, except for any part of that sum which exceeds the total shown below.

| | | |
|---|---|---|
| Amount now owing under the judgment or order including any costs and interest | U.S. Dollars | 16,951,085 |
| | and costs | £ 15,778 |
| Court fee | Court fee. | £ 110 |
| Costs of this application which may be allowed to the judgment creditor | | £ |
| **Total** | | £13,576,756 |

**This interim order does not authorise the third party to pay any money to the judgment creditor at this stage.**

**To**

> JP Morgan Chase Bank NA
> 25 Bank Street
> Canary Wharg
> London E14 5JP

**Hardship**

If the third party is a bank or building society, and the judgment debtor or their family suffers hardship through not being able to meet ordinary living expenses as a result of not being able to withdraw money from the account, a court may make a hardship payment order allowing some money to be paid out. An application form (N244) can be obtained from

## Hardship payment orders

An application for a hardship payment order may be made to:

- **any county court** where the interim third party debt order was made to a county court; or

- **the Royal Courts of Justice in London or to any district registry,** where the interim third party debt order was made by the High Court.

A fee may be payable for the application, but in certain circumstances, the applicant can apply for exemption or remission of the fee. Court staff can provide further details about remission and exemption and provide the necessary forms.

The application should be made using Form N244. It must include details of the judgment creditor, the court where the interim third party debt order was made, if different, and the claim number. The form must include evidence of the hardship caused by not being able to meet ordinary living expenses and must be accompanied by documentary evidence such as mortgage statements or rent book, wage or salary slips and bank statements proving the applicant's financial position. There will usually be a hearing.

In cases of exceptional urgency, the court may agree to deal with the application without notice being given to the judgment creditor. Details of why the application is exceptionally urgent and why it should be dealt with without notice to the creditor, should be set out in the application.

If the judge makes a hardship payment order, the court will draw up an order which will be faxed to the appropriate bank or building society who will then be authorised to pay out the amount, or amounts, specified in the order.

## What the third party will do

If the third party **is a bank or building society**, it must search for all accounts held solely by the judgment debtor and, within 7 days of receiving this order, give details of them to the court and the judgment creditor, stating whether it holds sufficient to cover the total shown and, if not, the amounts in them.

A bank or building society may deduct an amount from any money held for the judgment debtor, for its expenses in complying with this order. This would be in addition to the total amount shown above.

If the third party **is not a bank or building society** and claims to owe the judgment debtor no money or less money than the total shown above, the third party must tell the court and the judgment creditor within 7 days of receiving this order.

### The final order

If a final third party debt order is made at the hearing, it will require the third party to pay direct to the judgment creditor some or all of the money which the third party owes to the judgment debtor.

## Party details

### The judgment creditor

Name: Louis Emovbira Williams

Address for service: Westbrook Law Ltd
35 New Broad Street
London

Postcode: EC2M 1NH

reference: AS/SL

Telephone:

### The third party

Name: JP Morgan Chase Bank NA

Address for service: 25 Bank Street
Canary Wharg
London

Postcode: E14 5JP

reference:

### The judgment debtor

Name: Federal Government of Nigeria

Address: Nigerian High Commission
9 Northumberland Avenue
London

Postcode: WC2N 5BX

reference: High Commissioner

Telephone:

### Banks and Building Societies

The name and address of the branch:

Postcode

Sort code