Justice

# PART 40 - JUDGMENTS, ORDERS, SALE OF LAND ETC.

Contents of this Part

| Title | Number |
|---|---|
| I JUDGMENTS AND ORDERS | |
| Scope of this section | Rule 40.1 |
| Standard requirements | Rule 40.2 |
| Drawing up and filing of judgments and orders | Rule 40.3 |
| Service of judgments and orders | Rule 40.4 |
| Power to require judgment or order to be served on a party as well as his solicitor | Rule 40.5 |
| Consent judgments and orders | Rule 40.6 |
| When judgment or order takes effect | Rule 40.7 |
| Time from which interest begins to run | Rule 40.8 |
| Stay of execution and other relief | Rule 40.8A |
| Who may apply to set aside or vary a judgment or order | Rule 40.9 |
| County Court judgments and orders – variation of payment | Rule 40.9A |
| Judgment against a State in default of acknowledgment of service | Rule 40.10 |
| Time for complying with a judgment or order | Rule 40.11 |
| Correction of errors in judgments and orders | Rule 40.12 |
| Cases where court gives judgment both on claim and counterclaim | Rule 40.13 |
| County Court set-off of cross-judgments | Rule 40.13A |
| Judgment in favour of certain part owners relating to the detention of goods | Rule 40.14 |
| County Court certificate of judgment | Rule 40.14A |
| Order of appeal court | Rule 40.14B |
| II SALE OF LAND ETC. AND CONVEYANCING COUNSEL | |
| Scope of this Section | Rule 40.15 |
| Power to order sale etc. | Rule 40.16 |
| Power to order delivery up of possession etc. | Rule 40.17 |

| | |
|---|---|
| Reference to conveyancing counsel | Rule 40.18 |
| Party may object to report | Rule 40.19 |
| III DECLARATORY JUDGMENTS | |
| Declaratory Judgments | Rule 40.20 |

# I JUDGMENTS AND ORDERS

## Scope of this section

**40.1** This Section sets out rules about judgments and orders which apply except where any other of these Rules or a practice direction makes a different provision in relation to the judgment or order in question.

Back to top

## Standard requirements

**40.2**

(1) Every judgment or order must state the name and judicial title of the person who made it, unless it is –

(a) default judgment entered under rule 12.4(1) (entry of default judgment where judgment is entered by a court officer) or a default costs certificate obtained under rule 47.11;

(b) judgment entered under rule 14.4, 14.5, 14.6, 14.7 and 14.9 (entry of judgment on admission where judgment is entered by a court officer);

(c) a consent order under rule 40.6(2) (consent orders made by court officers);

(d) an order made by a court officer under rule 70.5 (orders to enforce awards as if payable under a court order); or

(e) an order made by a court officer under rule 71.2 (orders to obtain information from judgment debtors).

(2) Every judgment or order must –

(a) bear the date on which it is given or made; and

(b) be sealed$^{(GL)}$ by the court.

(3) Paragraph (4) applies where a party applies for permission to appeal against a judgment or order at the hearing at which the judgment or order was made or any adjournment of that hearing.

(4) Where this paragraph applies, the judgment or order shall state –

(a) omitted;

(b) whether an appeal lies from the judgment or order and, if so, to which appeal court, with an indication of the division of the High Court where the High Court is the appeal court;

(c) whether the court gives permission to appeal; and

(d) if not, the appropriate appeal court, including the appropriate division where relevant, to which any further application for permission may be made.(Paragraph 4.3B of Practice Direction 52 deals with the court's power to adjourn a hearing

~~where a judgment or order is handed down and no application for permission to appeal is made at that hearing)~~

Back to top

## Drawing up and filing of judgments and orders

**40.3**

(1) Except as is provided at paragraph (4) below or by any Practice Direction, every judgment or order will be drawn up by the court unless –

(a) the court orders a party to draw it up;

(b) a party, with the permission of the court, agrees to draw it up;

(c) the court dispenses with the need to draw it up; or

(d) it is a consent order under rule 40.6.

(2) The court may direct that –

(a) a judgment or an order drawn up by a party must be checked by the court before it is sealed$^{(GL)}$; or

(b) before a judgment or an order is drawn up by the court, the parties must file an agreed statement of its terms.

(3) Where a judgment or an order is to be drawn up by a party –

(a) he must file it no later than 7 days after the date on which the court ordered or permitted him to draw it up so that it can be sealed$^{(GL)}$ by the court; and

(b) if he fails to file it within that period, any other party may draw it up and file it.

(4) Except for orders made by the court of its own initiative and unless the court otherwise orders, every judgment or order made in claims proceeding in the King's Bench Division at the Royal Courts of Justice, other than in the Administrative Court, will be drawn up by the parties, and rule 40.3 is modified accordingly.

Back to top

## Service of judgments and orders

**40.4**

(1) Where a judgment or an order has been drawn up by a party and is to be served by the court –

(a) the party who drew it up must file a copy to be retained at court and sufficient copies for service on him and on the other parties; and

(b) once it has been sealed$^{(GL)}$, the court must serve a copy of it on each party to the proceedings.

(2) Unless the court directs otherwise, any order made otherwise than at trial must be served on –

(a) the applicant and the respondent; and

(b) any other person on whom the court orders it to be served.

(Rule 6.21 sets out who is to serve a document other than the claim form.)

Back to top

## Power to require judgment or order to be served on a party as well as his solicitor

**40.5**

Where the party on whom a judgment or order is to be served is acting by a solicitor, the court may order the judgment or order to be served on the party as well as on his solicitor.

Back to top

## Consent judgments and orders

**40.6**

(1) This rule applies where all the parties agree the terms in which a judgment should be given or an order should be made.

(2) A court officer may enter and seal$^{(GL)}$ an agreed judgment or order if –

(a) the judgment or order is listed in paragraph (3);

(b) none of the parties is a litigant in person; and

(c) the approval of the court is not required by these Rules, a practice direction or any enactment before an agreed order can be made.

(3) The judgments and orders referred to in paragraph (2) are –

(a) a judgment or order for –

(i) the payment of an amount of money (including a judgment or order for damages or the value of goods to be decided by the court); or

(ii) the delivery up of goods with or without the option of paying the value of the goods or the agreed value.

(b) an order for –

(i) the dismissal of any proceedings, wholly or in part;

(ii) the stay$^{(GL)}$ of proceedings on agreed terms, disposing of the proceedings, whether those terms are recorded in a schedule to the order or elsewhere;

(iii) the stay of enforcement of a judgment, either unconditionally or on condition that the money due under the judgment is paid by instalments specified in the order;

(iv) the setting aside under Part 13 of a default judgment which has not been satisfied;

(v) the payment out of money which has been paid into court;

(vi) the discharge from liability of any party;

(vii) the payment, assessment or waiver of costs, or such other provision for costs as may be agreed.

(4) Rule 40.3 (drawing up and filing of judgments and orders) applies to judgments and orders entered and sealed by a court officer under paragraph (2) as it applies to other judgments and orders.

(5) Where paragraph (2) does not apply, any party may apply for a judgment or order in the terms agreed.

(6) The court may deal with an application under paragraph (5) without a hearing.

(7) Where this rule applies –

(a) the order which is agreed by the parties must be drawn up in the terms agreed;

(b) it must be expressed as being 'By Consent';

(c) it must be signed by the legal representative acting for each of the parties to whom the order relates or, where paragraph (5) applies, by the party if he is a litigant in person.

Back to top

## When judgment or order takes effect

**40.7**

(1) A judgment or order takes effect from the day when it is given or made, or such later date as the court may specify.

(2) This rule applies to all judgments and orders except those to which rule 40.10 (judgment against a State) applies.

Back to top

## Time from which interest begins to run

**40.8**

(1) Where interest is payable on a judgment pursuant to section 17 of the Judgments Act 1838[1] or section 74 of the County Courts Act 1984[2], the interest shall begin to run from the date that judgment is given unless –

(a) a rule in another Part or a practice direction makes different provision; or

(b) the court orders otherwise.

(2) The court may order that interest shall begin to run from a date before the date that judgment is given.

Back to top

## Stay of execution and other relief

**40.8A** Without prejudice to rule 83.7(1), a party against whom a judgment has been given or an order made may apply to the court for—

(a) a stay of execution of the judgment or order; or

(b) other relief,

on the ground of matters which have occurred since the date of the judgment or order, and the court may by order grant such relief, and on such terms, as it thinks just.

Back to top

## Who may apply to set aside or vary a judgment or order

**40.9** A person who is not a party but who is directly affected by a judgment or order may apply to have the judgment or order set aside or varied.

Back to top

## County Court judgments and orders - variation of payment

**40.9A**

(1) In this rule—

(a) 'creditor' means the person entitled to the benefit of a judgment or order;

(b) 'debtor' means the person liable to make the payment under the judgment or order; and

(c) 'debtor's home court' means the court, or County Court hearing centre, serving the address of the debtor.

(2) Where a judgment or order has been given or made in the County Court for the payment of money, the creditor or, as the case may be, the debtor may apply in accordance with this rule for a variation in the date or rate of payment.

(3) The creditor may apply in writing, without notice being served on any other party, for an order that the money—

(a) if payable in one sum, be paid—

(i) at a later date than that by which it is due; or

(ii) by instalments; or

(b) if already payable by instalments, be paid by the same or smaller instalments,

and the court officer may make an order accordingly, subject to paragraph (4).

(4) If no payment has been made under the judgment or order for 6 years before the date of the application, the court officer must refer the application to the District Judge.

(5) The creditor may apply to the District Judge in writing and on notice for an order that the money—

(a) if payable in one sum, be paid at an earlier date than that by which it is due; or

(b) if payable by instalments, be paid in one sum or by larger instalments.

(6) Any application under paragraph (5) must state the proposed terms and the grounds on which it is made.

(7) Where an application is made under paragraph (5)—

(a) the proceedings will be automatically transferred to the debtor's home court if the judgment or order was not given or made in that court; and

(b) the court officer will fix a day for the hearing of the application before the District Judge and give to the creditor and the debtor not less than 8 days' notice of the day so fixed.

(8) The debtor may apply for an order that the money—

(a) if payable in one sum, be paid at a later date than that by which it is due or by instalments; or

(b) if already payable by instalments, be paid by smaller instalments.

(9) Any application under paragraph (8) must—

(a) be in the appropriate form;

(b) state the proposed terms;

(c) state the grounds on which it is made; and

(d) include a signed statement of the debtor's means.

(10) Where an application is made under paragraph (8), the court officer will—

(a) send the creditor a copy of the debtor's application and statement of means; and

(b) require the creditor to notify the court in writing, within 14 days of service of notification, giving reasons for any objection the creditor may have to the granting of the application.

(11) If the creditor does not notify the court of any objection within the time stated, the court officer will make an order in the terms applied for.

(12) Upon receipt of a notice from the creditor under paragraph (10), the court officer may determine the date and rate of payment and make an order accordingly.

(13) Any party affected by an order made under paragraph (12) may, within 14 days of service of the order and giving reasons, apply on notice for the order to be re-considered and, where such an application is made—

(a) the proceedings will be automatically transferred to the debtor's home court if the judgment or order was not given or made in that court; and

(b) the court officer shall fix a day for the hearing of the application before the District Judge and give to the creditor and the debtor not less than 8 days' notice of the day so fixed.

(14) On hearing an application under paragraph (13), the District Judge may confirm the order or set it aside and make such new order as the District Judge thinks fit and the order so made will be entered in the records of the court.

(15) Any order made under any of the foregoing paragraphs may be varied from time to time by a subsequent order made under any of those paragraphs.

Back to top

## Judgment against a State in default of acknowledgment of service

**40.10**

(1) Where the claimant obtains default judgment under Part 12 on a claim against a State where the defendant has failed to file an acknowledgment of service, the judgment does not take effect until 2 months after service on the State of –

(a) a copy of the judgment; and

(b) a copy of the evidence in support of the application for permission to enter default judgment (unless the evidence has already been served on the State in accordance with an order made under Part 12).

(2) In this rule, 'State' has the meaning given by section 14 of the State Immunity Act 1978[3].

Back to top

## Time for complying with a judgment or order

**40.11** A party must comply with a judgment or order for the payment of an amount of money (including costs) within 14 days of the date of the judgment or order, unless –

(a) the judgment or order specifies a different date for compliance (including specifying payment by instalments);

(b) any of these Rules specifies a different date for compliance; or

(c) the court has stayed the proceedings or judgment.

(Parts 12 and 14 specify different dates for complying with certain default judgments and judgments on admissions)

Back to top

## Correction of errors in judgments and orders

**40.12**

(1) The court may at any time correct an accidental slip or omission in a judgment or order.

(2) A party may apply for a correction without notice.

Back to top

## Cases where court gives judgment both on claim and counterclaim

**40.13**

(1) This rule applies where the court gives judgment for specified amounts both for the claimant on his claim and against the claimant on a counterclaim.

(2) If there is a balance in favour of one of the parties, it may order the party whose judgment is for the lesser amount to pay the balance.

(3) In a case to which this rule applies, the court may make a separate order as to costs against each party.

Back to top

## County Court set-off of cross-judgments

**40.13A**

(1) This rule applies to applications under section 72 of the County Courts Act 1984[4] for permission to set off any sums, including costs, payable under several judgments or orders each of which was obtained in the County Court.

(2) Where the judgments or orders have been obtained in the same County Court hearing centre, the application—

(a) may be made to that hearing centre on the day when the last judgment or order is obtained, if both parties are present; and

(b) in any other case must be made on notice.

(3) Where the judgments or orders have been obtained in different County Court hearing centres, the application may be made to any of them on notice.

(4) The District Judge located at the hearing centre to which the application is made will—

(a) forthwith stay execution on any judgment or order to which the application relates; and

(b) notify any hearing centre that made the relevant judgments or orders of the stay.

(5) Where execution has been stayed under paragraph (4), any money paid into court under the judgment or order will be retained until the application has been disposed of and the court has directed how any money paid into court is to be dealt with.

(6) Paragraphs (7) and (8) apply where an order is made by the High Court giving permission to set off sums payable under several judgments and orders obtained respectively in the High Court and the County Court.

(7) The High Court will send to the County Court a copy of the order giving permission, and the County Court will deal with any money paid into court in accordance with that order.

(8) The court officer of the County Court will enter satisfaction in the County Court records for any sums ordered to be set off, and execution or other process for the enforcement of any judgment or order not wholly satisfied will issue only for the balance remaining payable.

## Judgment in favour of certain part owners relating to the detention of goods

**40.14**

(1) In this rule 'part owner' means one of two or more persons who have an interest in the same goods.

(2) Where –

(a) a part owner makes a claim relating to the detention of the goods; and

(b) the claim is not based on a right to possession,

any judgment or order given or made in respect of the claim is to be for the payment of damages only, unless the claimant had the written authority of every other part owner of the goods to make the claim on his behalf as well as for himself.

(3) This rule applies notwithstanding anything in subsection (3) of section 3 of the Torts (Interference with Goods) Act 1977[5], but does not affect the remedies and jurisdiction mentioned in subsection (8) of that section.

Back to top

## County Court certificate of judgment

**40.14A**

(1) Any person who wishes to have a certificate of any judgment or order given or made in a claim in the County Court ('the applicant') may make a request in writing to the court.

(2) If the applicant is a party to the claim, the request must state whether the certificate—

(a) is required for the purpose of taking proceedings on the judgment or order in another court;

(b) is required for the purpose of enforcing the judgment or order in the High Court; or

(c) is for the purpose of evidence only.

(3) If the applicant is not a party to the claim, the request must state—

(a) the purpose for which the certificate is required;

(b) the capacity in which the person asks for the certificate; and

(c) any other facts showing that the certificate may properly be granted.

(4) Where the certificate is required for the purpose of enforcing the judgment or order in the High Court, the applicant must also either—

(a) state that—

(i) it is intended to enforce the judgment or order by execution against goods; or

(ii) the judgment or order to be enforced is an order for possession of land made in a possession claim against trespassers; or

(b) confirm that an application has been made for an order under section 42 of the County Courts Act 1984[6] (transfer to High Court by order of the County Court) and attach a copy of the application to the request for a certificate.

(5) Where the applicant making the request is not a party to the claim, the request will be referred to the District Judge, who may refer it to the judge.

(6) Without prejudice to paragraph (5), for the purposes of section 12(2) of the County Courts Act 1984[7] a certificate under this rule may be signed by a court officer.

(Rule 83.19 provides for what happens where a request for a certificate of judgment is made under this rule for the purpose of enforcing a judgment or order in the High Court, including (under rule 83.19(4)) that where certain proceedings are pending, the request for the certificate will not be dealt with until those proceedings are determined.)

Back to top

## Order of appeal court

**40.14B** Where the Court of Appeal or High Court has heard and determined an appeal from the County Court, the party entitled to the benefit of the order of the appeal court must deposit the order or an office copy of it in the office of the relevant hearing centre of the County Court.

# II SALE OF LAND ETC. AND CONVEYANCING COUNSEL

## Scope of this Section

**40.15**

(1) This Section –

(a) deals with the court's power to order the sale, mortgage, partition or exchange of land; and

(b) contains provisions about conveyancing counsel.

(Section 131 of the Supreme Court Act 1981[8](provides for the appointment of the conveyancing counsel of the Supreme Court)

(2) In this Section 'land' includes any interest in, or right over, land.

Back to top

## Power to order sale etc.

**40.16** In any proceedings relating to land, the court may order the land, or part of it, to be –

(a) sold;

(b) mortgaged;

(c) exchanged; or

(d) partitioned.

Back to top

## Power to order delivery up of possession etc.

**40.17** Where the court has made an order under rule 40.16, it may order any party to deliver up to the purchaser or any other person –

(a) possession of the land;

(aa) where the Renting Homes (Wales) Act 2016 applies, possession of the dwelling;

(b) receipt of rents or profits relating to it; or

(c) both.

Back to top

## Reference to conveyancing counsel

**40.18**

(1) The court may direct conveyancing counsel to investigate and prepare a report on the title of any land or to draft any document.

(2) The court may take the report on title into account when it decides the issue in question.

(Provisions dealing with the fees payable to conveyancing counsel are set out in paragraph 5.2 of Practice Direction 44.)

Back to top

## Party may object to report

**40.19**

(1) Any party to the proceedings may object to the report on title prepared by conveyancing counsel.

(2) Where there is an objection, the issue will be referred to a judge for determination.

(Part 23 contains general rules about making an application)

Back to top

# III DECLARATORY JUDGMENTS

## Declaratory Judgments

**40.20** The court may make binding declarations whether or not any other remedy is claimed.

Back to top

## Footnotes

1. 1838 c.110. Section 17 was amended by S.I. 1998/2940. Back to text
2. 1984 c.28. Section 74 was amended by section 2 of the Private International Law (Miscellaneous Provisions) Act 1995 (c.42). Back to text
3. 1978 c.33. Back to text
4. 1984 c.28. Section 72 is amended by the Crime and Courts Act 2013 (c.22), section 17(5), and Schedule 9, Part 1, paragraph 10(1)(b).
   Back to text
5. 1977 c.32. Back to text
6. 1984 c.28. Section 42 was substituted by the Courts and Legal Services Act 1990 (c.41), section 2(3), and is amended by the Crime and Courts Act 2013 (c.22), section 17(5) and Schedule 9, Part 1, paragraph 10(1)(b). Back to text
7. Section 12(2) was amended by the Courts and Legal Services Act 1990 (c.41), section 125 and Schedule 18, paragraph 42, and is further amended by the Crime and Courts Act 2013 (c.22) section 17(5) and Schedule 9, Part 1, paragraphs 1, 7(1) and (3).
   Back to text
8. 1981 c.54; section 131 was amended by the Courts and Legal Services Act 1990 (c.41), Schedule 10, paragraph 48. Back to text