UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DR. LOUIS EMBVIRA WILLIAMS,

                Plaintiff,                No. 23 Civ. 7356 (LJM) (SDA)

    -against-

FEDERAL GOVERNMENT OF NIGERIA,
ATTORNEY GENERAL OF THE FEDERAL
GOVERNMENT OF NIGERIA, JPMORGAN
CHASE & CO., and JOHN DOES 1-10,

                Defendants.
_____

DEFENDANT JPMORGAN CHASE & CO.'S
ANSWER TO PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

Defendant JPMorgan Chase & Co. ("JPMCC"), by its attorneys, Katsky Korins LLP, for its answer to Plaintiffs' Original Verified Complaint dated June 26, 2023, which was filed in New York County Supreme Court and later removed to this Court (the "Complaint"), alleges as follows:

INTRODUCTION AND NATURE OF THE ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

B. PARTIES

i. Plaintiff

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

ii. Defendants

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. As to the allegations in paragraph 14 of the Complaint, JPMCC admits that it is a U.S. financial services firm and that it is headquartered in New York County.  JPMCC denies

that it (as distinct from its subsidiary JPMorgan Chase Bank, N.A.) maintains bank accounts for the other named defendants.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

C.     JURISDICTION AND VENUE

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint, except admits that JPMCC is headquartered in this County.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except admits that JPMCC is headquartered in this County.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

D.   FACTUAL ALLEGATIONS

i.   The 1986 Scam

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

ii.   The Freezing of Funds, the Theft of Plaintiff's Accounts
       and Dr. Williams' Arrest and Escape

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

iii. The Nigerian Government Pardons Dr. Williams and
Commits to Compensating Him for what they Stole

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

    iv.      Nigeria under Civil Rule Ratifies is Commitment
<u>to Compensate Plaintiff for what was Stolen</u>

    46.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

    47.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

    48.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

    49.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

    v.      <u>Window of Opportunity to Resolve this Matter</u>

    50.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

E.      PROCEDURAL HISTORY IN THE
<u>COURTS OF THE UNITED KINGDOM</u>

    51.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

    52.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

    53.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

    54.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

    55.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

## FIRST CAUSE OF ACTION
(Recognition of Foreign Money Judgment)

58. JPMCC repeats and realleges its responses to paragraphs 1 through 57 of the Complaint as if they were set forth in full herein.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.  To the extent the allegations in paragraph 62 purport to state a legal conclusion, no response is required.

## SECOND CAUSE OF ACTION
(Attachment and Levy of Nigerian Defendants' Accounts at JPMorgan Chase & Co.)

63. JPMCC repeats and realleges its responses to paragraphs 1 through 62 of the Complaint as if they were set forth in full herein.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.  To the extent the allegations in paragraph 69 purport to state a legal conclusion, no response is required.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

71. The Complaint states no claim against JPMCC on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. JPMCC is a holding company, that does not itself maintain bank accounts on behalf of bank customers.  JPMorgan Chase Bank, N.A. ("JPMCB"), a subsidiary of JPMCC is the entity that maintains such accounts.  JPMCB has not, however, been named a defendant as of the time of this answer.

## THIRD AFFIRMATIVE DEFENSE

73. In the event JPMCB is ultimately made a party to this litigation, and in the event any defendants have assets with JPMCB and there are court directives pertaining to the transfer of those assets JPMCC and JPMCB would be entitled to (i) a release and discharge from any and all liability to Plaintiff, CBN, the Nigerian Government Defendants, and any other persons and entities with respect to the funds in any such accounts; and (ii) a permanent restraint enjoining Plaintiff, CBN, the Nigerian Government Defendants, and any other persons and entities from

instituting or prosecuting any proceeding, in any jurisdiction, with respect to the funds transferred.

## FOURTH AFFIRMATIVE DEFENSE

74. In the event JPMCB is ultimately made a party to this litigation and judgment is issued in favor of Plaintiff in this proceeding, any assets that may be held by JPMCB for defendants outside the United States are not subject to attachment by Plaintiff.

WHEREFORE, JPMCC requests the entry of a judgment as follows:

a. Dismissing the Complaint as against JPMCC;

b. In the event JPMCB is ultimately made a party to this litigation, determining the rights, if any, of Plaintiff and any other interested parties to the funds in any accounts held at JPMCB;

c. Releasing and discharging JPMCC and, if it is made a defendant, JPMCB from any and all liability to Plaintiff, the Nigerian Government Defendants, CBN, and any other persons and entities if JPMCB or JPMCC are directed to transfer assets held at JPMCB to plaintiff;

d. In the event JPMCB is ultimately made a party to this litigation, permanently restraining and enjoining Plaintiff, the Nigerian Government Defendants, CBN, and any other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any accounts of the Nigerian Government Defendants or CBN that are held at JPMCB and that JPMCB may be ordered to turn over to Plaintiff;

e. Awarding JPMCC its costs and expenses, including reasonable attorneys' fees, incurred in this action; and

f. Awarding JPMCC such other and further relief as may be just and proper.

Dated:  New York, New York
        September 20, 2023

                    KATSKY KORINS LLP

                    By: /s/ Steven B. Feigenbaum
                          Steven B. Feigenbaum
                    605 Third Avenue
                    New York, New York 10158
                    (212) 953-6000
                    sfeigenbaum@katskykorins.com
                    *Attorneys for Defendant JPMorgan Chase & Co.*