UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DR. LOUIS EMOVBIRA WILLIAMS,

            Plaintiff,

   v.

FEDERAL GOVERNMENT OF NIGERIA;
ATTORNEY GENERAL OF THE FEDERAL
GOVERNMENT OF NIGERIA; CENTRAL
BANK OF NIGERIA; JPMORGAN CHASE &
CO.; and JOHN DOES 1 - 10,

            Defendants.

Case No.: 1:23-cv-07356-(LJM)(SDA)

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO THE
MOTION TO DISMISS OF DEFENDANTS FEDERAL GOVERNMENT OF NIGERIA
AND ATTORNEY GENERAL OF THE FEDERAL GOVERNMENT OF NIGERIA**

1

## <u>TABLE OF CONTENTS</u>

Table of Authorities.................................................................................................... iii

INTRODUCTION...................................................................................................... 2

Summary of Argument ………………………………………………………………2

Argument.................................................................................................................... 4

I.    The Court Is Required To Disregard Plaintiff's Argument That Proffer Inconsistent And
      Contradictory Findings To The Findings and Rulings Detailed In The U.K. Default
      Judgment ………………………………………..…………………………………………4

       a.  Denial of Plaintiffs Claims Under Alleged Fidelity Guarantee Precludes Examination
           Of The Plaintiffs Argument Regarding The Fidelity Guarantee………………..……..6

       b.  U.K. Court's Findings Are Based On A Thorough Review Of The  Alleged Fidelity
           Guarantee And Evaluation of Plaintiff's Ex Parte Submission To The Court……….7

II             None Of The FSIA's Exceptions To Immunity Applies……………….……..8

       a.  The Commercial Activity Exception Does Not Apply ………………………..9

       b.  The Expropriation Exception Does Not Apply…………………….…..………10

       c.  The Tortuous Act or Omission Exception Does Not Apply…………………11

III

       a.  Plaintiff's Opposition Fails To Rebut That This Court Is Required To
           Dismiss The Plaintiff's Action Under The Presumption of Enforceability
           Forum Clause..........................................…………………………12

       b.  Plaintiff's Opposition Fails To Rebut That United Kingdom Is An
           Alternative, Available Forum And Fails To Address The Relevant Private
           And Public Interest Factors Favoring United Kingdom………… …....,,,...13

IV

       a.  Plaintiff Failed to Complete Service of Process In  Accordance With § 1608(a)
           of the FSIA…………………………………………………………..............14

V.    The U.K. Default Judgment Is Not Final And Enforceable ……………….…..………15

Conclusion ...............................................................................................................17

i

## Table of Authorities

Cases                                                                        Page (s)

*Amerada Hess Shipping Corp.,*
488 U.S. at 434-35…………………………………………………………………………8

*Atl. Tele-Network Inc.v. Inter-Am. Dev. Bank,*
251 F. Supp. 2d 126, 134 (D.D.C. 2003) ……………………………………………………9

*American Dredging Co. v. Miller,*
*510 U.S. 443, 447-448 (1994) …………………………………………………………….13*

*Balt.S.S. Co. v. Phillips ,*
274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069 (1927) …………………………………………5

*Balderman v. United States Veterans Admin., 870 F.2d 57, 62 (2d Cir. 1989)…………………….5*

*Cutcliffe v. Univ. of Ulster,*
*Case No. 12-193, 2013 U.S. Dist. LEXIS 81336, at \*34-35 (D. Me. 2013) …………….…….9*

*Comparelli v. Republica Bolivariana De Venez.,*
*891 F.3d 1311, 1322-24 (11th Cir. 2018). ……………………………………………………11*

*Dresdner Bank AG v. Haque,*
*161 F Supp 2d 259, 263 [SDNY 2001])……………………………………………………16*

*Edwardo v. The Roman Catholic Bishop of Providence*
(S.D.N.Y. 2022) 579 F. Supp. 3d 456, 477, fn. 15 ………………………….……………5

*Fairchild, Arabatzis & Smith, Inc. v. Prometco*
(S.D.N.Y. 1979) 470 F. Supp. 610, 616-617……………………………………………………6, 7

*Fasano v. Peggy Yu Yu*
*(2d Cir. 2019) 921 F.3d 333, 335 …………………………………………………….....12*

*Irish Lesbian & Gay Org. v. Giuliani,*
*143 F.3d 638, 644 (2d Cir. 1998) ……………………………………………………………5*

*Iragorri v. Int'l Elevator, Inc.,*
*203 F.3d 8, 12 (1st Cir. 2000)……………………………………………………………13*

*Metromedia Co. v. Fugazy,*
*983 F.2d 350, 365 (2d Cir. 1992)*…………………………………………………………………6

 *Magness v. Russian Federation*
*(5th Cir. 2001) 247 F.3d 609, 615*………………………………………………………14

*Overseas Dev. Bank in Liquidation v. Nothmann*
*(N.Y. App. Div. 1985) 115 A.D.2d 719, 720)* ……………………………………………16

*Parklane Hosiery Co. v. Shore,*
 *439 U.S. 322, 326,(1979)* ……………………………………………………………5

*Phillips v. Audio Active Ltd.,*
494 F.3d 378, 383-84, 392 (2d Cir. 2007). ……………………………………………12

*Piper Aircraft Co. v. Reyno,*
*454 U.S. 235, 241 (1981)).* ………………………………………………………………13

*Rong, et al. v. Liaoning Province Gov't,*
452 F.3d 883, 891 (D.C. Cir. 2006) ……………………………………………………9

*Republic of Argentina v. Weltover, Inc.*
*(1992) 504 U.S. 607  at 618*………………………………………………………………10

 *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,*
*250 N.Y. 304, 306* (N.Y. 1929) ………………………………………………………5, 7

*Street v. Quebec Provincial Agency for Indemnification of Victims of Criminal Acts,*
*1992 U.S. App. LEXIS 5591, at *5 (1st Cir. Feb. 13, 1992)* …………………………………11

*United World Trade, Inc. v. Mangyshlakneft Oil Prod. Ass'n,*
*33 F.3d 1232, 1238 (10th Cir. 1994)* ………………………………………………………10

*United  States v. Belmont,*
*301 U.S. 324, 332 (1937)*…………………………………………………………………11

*United Kingdom.  See Iragorri v. Int'l Elevator, Inc.,*
*203 F.3d 8, 12 (1st Cir. 2000)* ………………………………………………………12

*Voest-Alpine Trading USA Corp. v. Bank of China,*
*142 F.3d 887, 894 n.10 (5th Cir. 1998)* ………………………………,,……………………10

*Zanghi v. Ritella*
*(S.D.N.Y., Sep. 24, 2021, 19 Civ. 5830 (NRB)) (pp. 9)* ……………………………,12

**Statutory Authorities**

28 U.S. Code§ 1605............................................................................................*8, 10*

28 U.S.C. § 1605(a)(2)......................................................................................, *8, 10*

28 U.S. Code§ §1605(a)(3) ..............................................................................*10,11*

28 U.S. Code§1605(a)(4) ............................................................................…..*11*

**Other Authorities**

*CPLR 5302* …..............................................................................................................*16*

*CPLR 5304* (a)............................................................................................................*16*

## INTRODUCTION

Defendants Federal Government of Nigeria (FGN) and Attorney General of the Federal Government of Nigeria (AG-FGN) (collectively, "Defendants"), respectively submit this Memorandum of Law in Reply to Plaintiff's Opposition to their Motion to Dismiss the Complaint of Doctor Louis Emovbira Williams ("Plaintiff") on grounds that (i) the Court lacks subject matter and personal jurisdiction over Plaintiff's claim against Defendants because the Defendants are immune from Plaintiff's suit under the Foreign Sovereign Immunities Act ("FSIA") and none of the exceptions to immunity set out therein ( 28 U.S.C. §§ 1602, et. seq.) applies; (ii) Plaintiff has not properly served the Defendants in the manner required by § 1608 of the FSIA; (iii) This court is required to dismiss Plaintiff's action in the enforcement of the parties' contractual forum clause, because Plaintiff's claim admits that the parties contractually agreed to submit any dispute resulting from their transaction to the jurisdiction of the U.K. courts; (iv)  The jurisdiction of the U.K court is adequate and a fair forum for the Plaintiff's action *(forum non conveniens)* and (v) the foreign judgment is not a final judgment and, therefore, cannot be recognized by this Court*;*

## SUMMARY OF ARGUMENT

The main argument raised in the Plaintiff's opposition seeks to re-litigate the findings and rulings detailed in the foreign judgment that the Plaintiff seeks to enforce (U.K. Default Judgment or Judgment). Plaintiff proffers that the U.K. Default Judgment is based on the U.K. court's Judge (Mrs. Justice Moulder's) speculation and that the Judgment is deficient, hence Plaintiff insinuates that this Court should conduct a direct review of findings detailed in the Judgment which Plaintiff's action seeks to enforce. Plaintiff's argument in opposition to Defendants' motion to dismiss lacks merit.

Defendants' motion substantiated the existence of a statutory presumption of a contractual forum selection clause that requires this Court to dismiss the Plaintiff's action under the parties' contractual forum selection clause. (*Defendants Memorandum of Law In Support* (*Memo. Dkt. No.22 at 24-25).* Plaintiff's failure to tender any argument to rebut the statutory presumption of contractual forum selection clause implies that Plaintiff concedes that this Court should dismiss the Plaintiff's action under the parties' contractual forum clause.

Plaintiff's opposition also fails to address the Defendants' showing that United Kingdom is an available and alternative forum in which to adjudicate Plaintiff's claim and that the private and public interest factors weigh heavily in favor of *forum non conveniens* dismissal. (*Memo. Dkt. No.22 at 26-28)*

Plaintiff's opposition fails to proffer a legally tenable argument to rebut the Judgment that (i) ruled that the alleged Fidelity Guarantee does not constitute a waiver of immunity by Defendants; (ii) ruled that the alleged *Fidelity Guarantee* is not an agreement between the Plaintiff and State (Defendant Nigeria), but rather a law or statute directed to the State's institution in apparent exercise of sovereign authority; and, (iii) denied the Plaintiff's action based on the *obligations under the Fidelity Guarantee* against the Defendant and therein substantiating that based on the alleged Fidelity Guarantee, Plaintiff has no viable claim against the Defendants.(*Memo. Dkt. No.22 at 10-14).*

Plaintiff in his opposition argues that the findings and holdings detailed in the Judgment that he seeks this Court to enforce are deficient because Mrs. Judge Moulders (The U.K. Court Judge) rulings are based on speculation, (*Opp. Dkt. No.30 at 9 ),* and without identifying any inconsistent essential basis for the findings or holding within Judgment.  As a result, Plaintiff concludes that the findings and rulings detailed in the Judgment are dicta (*Opp. Dkt. No.30 at 9)* and that the U.K.

3

court's findings are not based on the review of the text of the entire alleged Fidelity Guarantee

(*Opp. Dkt. No.30 at10*)

As substantiated in the succeeding sessions, Plaintiff's Complaint and Defendants' Motion substantiate that Plaintiff asserted two claims in his U.K. action against the Defendants, a claim based on (1) Defendant's alleged breach of the *obligations under the Fidelity Guarantee* and (2) a claim based on Defendants' contractual *liability for breach of 1986 Trust.* The Judgment denied Plaintiff's claim against the Defendants based on the alleged *obligations under the Fidelity Guarantee* and only granted Plaintiff a judgment under the *contractual liability for breach of 1986 Trust (Memo. Dkt. No.22 at 3-4).*

In this action wherein the Plaintiff seeks to enforce the U.K. Default Judgment, there is no legal tenet that requires this court to consider Plaintiff's argument or assertion that there are contradictory or inconsistent with the Judgment's findings and the U.K. Court rulings from the Plaintiff's alleged *obligations under the Fidelity Guarantee.* Plaintiff's argument that the U.K. Court findings and ruling are speculative, are dicta or not based on adequate review of Fidelity guarantee has no merit.

Finally, as set forth in Defendants' moving papers, including the declaration of Gromyko Amedu, the U.K. solicitor representing the Defendants in the U.K proceedings (Dkt. No. 24 Exh. # A), the UK Default Judgment it not a final enforceable judgment. Tellingly, Plaintiff does not submit a declaration disputing any of the facts set forth in Solicitor Amedu's declaration.

## ARGUMENT

I. **The Court Is Required To Disregard Plaintiff's Argument That Proffer Inconsistent And Contradictory Findings To The Findings and Rulings Detailed In The U.K. Default Judgment.**

4

Plaintiff erroneously argues that that the U.K, Court's findings and rulings are deficient because they are based on the UK. Court's speculation, dicta, and lacking a complete evaluation of the text of the alleged Fidelity guarantee.

A series of New York court's authorities hold that "'[t]he effect of the judgment is not at all dependent upon the correctness of the verdict or finding upon which it was rendered.' . . Error, if there was any, must be corrected by direct review. *See. Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 306* (N.Y.1929).  As emphasized in *Edwardo v. The Roman Catholic Bishop of Providence* 579 F. Supp. 3d 456, 477, fn. 15(S.D.N.Y. 2022),"error in judgment if there was any, must be corrected by direct review.  A party is precluded from seeking alternate findings or remedies from a judgment rendered upon the same cause of action." (quoting *Balt.S.S. Co.* v. *Phillips* , 274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

Plaintiff's argument that the findings and rulings detailed in the U.K. Default Judgment are deficient because it did not adequately litigate the issue of whether the Defendants waived the sovereign immunity is unfounded, and has no bearing on the effectiveness of the findings and rulings detailed in the U.K. Default Judgment to this proceeding. Plaintiff seeking to enforce a foreign judgment is precluded from seeking to proffer argument inconsistent or contradictory to the findings and rulings detailed in the foreign judgment, regardless of whether the U.K. court adequately litigated the issue of waiver before it concluded and ruled that the Defendants did not agree to waive its sovereign immunity based on the text of the Fidelity Guarantee, and also concluded that  based on the Fidelity Guarantee, the Plaintiff has no viable claim against the Defendants.

As the court emphasized in *Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998,* "The doctrines of res judicata precludes litigation of any claim for relief that was

available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated.", (quoting *Parklane Hosiery Co. v. Shore,* *439 U.S. 322, 326,*(1979) Id. at 326; *See also Balderman v. United States Veterans Admin.,* *870 F.2d 57, 62* *(2d Cir. 1989)*. Collateral estoppel bars a party from raising an issue of law or fact in a second suit that the party had a "full and fair opportunity to litigate . . . in [a] prior proceeding" and where "the decision of the issue was necessary to support a valid and final judgment on the merits" in the first action. quoting. *Metromedia Co. v. Fugazy,* *983 F.2d 350, 365* *(2d Cir. 1992).*

This Court is not required to consider the Plaintiff's self-serving contentions that are inconsistent or contradictory to the findings and rulings within the U.K. Default Judgment that found and holds that based on the Fidelity Guarantee, the Defendants did not agree to waive sovereign immunity and that based on the Fidelity Guarantee that the Plaintiff has no viable action against the Defendants.

### a. Denial of Plaintiffs Claims Under Alleged Fidelity Guarantee Precludes Examination Of The Plaintiff's Argument Regarding The Fidelity Guarantee.

As established by the Defendants' motion to dismiss, the U.K. default Judgment denied the Plaintiff's action based on the *obligations under the Fidelity Guarantee* against the Defendant. The case authorities are unequivocal in holding that a party seeking to enforce a foreign judgment is precluded from seeking to re-litigate the findings in the foreign judgment. (*Memo. Dkt. No. 22, at 11-12)*

Plaintiff, in his opposition, engages in a futile effort to have this Court retry the terms of the alleged Fidelity Guarantee. The U.K Default Judgment having denied Plaintiff's claim **against the** Defendants, based on the alleged *obligations under the Fidelity Guarantee*, precludes Plaintiff from

seeking to re-litigate the terms of the alleged Fidelity Guarantee in an action to enforce the Judgment obtained from Plaintiff's ancillary claim for breach of Trust.

In *Fairchild, Arabatzis& Smith, Inc. v. Prometco,* 470 F. Supp. 610, 616-617 (S.D.N.Y. 1979) the plaintiff obtained a foreign judgment in a breach of contract action with an adverse ruling in the ancillary claim for fraud. This Court in denying the Plaintiff's attempt to re-litigate the fraud action held that, notwithstanding that the English Judgment was a default judgment, Plaintiff who procured a foreign judgment for breach of contract but was denied the ancillary claim for fraud at the English court, is barred from raising the issues regarding fraud claim in the American court. *See Fairchild, Arabatzis & Smith, Inc. v. Prometco* (S.D.N.Y. 1979) 470 F. Supp. 610, 616-617 citing *Schuylkill Fuel Corp. v. B C Nieberg Realty Corp., Inc.,* 250 N.Y. 304, 306-07.

The U.K. Court having reviewed the alleged Fidelity Guarantee and ruled that it does not substantiate that the Defendants agreed to waive immunity, the Plaintiff's opposition failed to provide any grounds for this Court to consider Plaintiff's arguments that the U.K. Court's rulings and findings are inconsistent or contradictory based on the same alleged Fidelity Guarantee.

**b. U.K. Court's Findings Are Based On A Thorough Review Of The Alleged Fidelity Guarantee And Evaluation of Plaintiff's Ex Parte Submission To The Court.**

Plaintiff's argument that the U.K. Court's findings and rulings are based on speculation only and on a selected review of a paragraph of the alleged Fidelity Guarantee is disingenuous. To the contrary, U.K. Judgment exhibits a thorough review of the alleged Fidelity Guarantee coupled with considerable evaluation of the Plaintiff's *ex parte* submissions and arguments to the court at the default hearing.

The U.K. Judgment emphasized that its review of the Fidelity Guarantee and consideration of evidence submitted by the Plaintiff reveals that the alleged Fidelity Guarantee is not an agreement between the Plaintiff and State (Defendant Nigeria) but rather a law or statute and in

apparent exercise of sovereign authority order directed to the Central Bank of Nigeria subject to objections of the Central Bank of Nigeria and effluxion of time[1]. ((*See. Dkt. 23, # Exh.1, at¶¶16, and ¶¶18 ( the Transcript of Default Judgment, also annexed to Plaintiffs Compl. as Exh.G.))*

## II            None of The FSIA's Exceptions To Immunity Applies

The only way Plaintiff could obtain jurisdiction over the Defendants is by establishing the application of one of the exceptions to immunity enumerated in the FSIA. *Amerada Hess Shipping Corp.,* 488 U.S. at 434-35; 28 U.S. Code§ 1605. None of the exceptions invoked by Plaintiff applies.

---

[1]((See. Dkt.1, # Exh.1, at ¶¶16, and ¶¶18, of the Transcript of Default Judgment, also annexed to Plaintiffs Compl. as Exh. G.)

"In so far as the claim relies on the Fidelity Guarantee, it seems to me, as indicated to counsel in the course of submissions, that the Guarantee cannot be said to be a commercial transaction. On the evidence of the claimant the Fidelity Guarantee is said to be a law or statute, and thus it seems to me must be an exercise of sovereign authority......." ((See Dkt. 23 # Exh.1, ¶¶16,.)

Section 21 cross refers to paragraph 14 of the Fidelity Guarantee. That states (so far as material):

"The Central Bank of Nigeria is therefore ordered and herein has consented to act with utmost good faith and assurance, and to return to Dr Williams the following sums of money."

It was submitted for the claimant that section 21 of the Fidelity Guarantee is broad enough by its words "Neither the Nigerian State nor the Central Bank of Nigeria" to encompass an agreement not only between the claimant and the Central Bank, but also the agreement of the Nigerian State and the claimant. Whilst it seems to me that the language has some ambiguity, on balance I am not persuaded that section 21 amounts to a prior agreement between the State and the claimant. It seems to me that subsection (iii) has to be read by reference to the lead-in in section 21, which states that it is an agreement of the Central Bank. Further, it cross refers to paragraph 14 which (as referred to above) is an order which is directed to the Central Bank of Nigeria. Thirdly, within the language of subsection (iii) itself it refers to objections from the Central Bank such as effluxion of time, acts of State and State immunity.

(See. Dkt, 23, Exh.1, ¶¶18)

a. **The Commercial Activity Exception Does Not Apply**

Plaintiff's opposition does not establish the applicability of the FSIA's commercial activity exception under  28 U.S.C. § 1605(a)(2). Plaintiff relies only on the third clause of that exception, which requires the action to be based upon an act outside the United States in connection with a commercial activity of the foreign state elsewhere that causes a direct effect in the United States.

In a bid to satisfy the direct effect requirement Plaintiff misrepresented that the U.K. Court ordered that Defendant "disgorge those funds held in the United States to the Plaintiff" and that the money is held in the United States *(Opp. Dtk. No. 30 at.13).* No part of the U.K. Default Judgment ordered the Defendants to "disgorge those funds held in the United States to the Plaintiff." All of Plaintiff's arguments fail to establish the factors required to satisfy the direct effect requirement in the United States.  In addition, Plaintiff in his opposition is unable to proffer any authority that supports his arguments.

Plaintiff's statement in the argument that the funds are in the United State or the Defendants took the funds to United States is unsubstantiated and fails to satisfy the direct effect requirement. Financial losses in the United States do not cause a "direct effect" in the United States for purposes of the commercial activity exception. *Allen v. Russian Federation,* 522 F. Supp. 2d 167, 189 (D.D.C. 2007) ("a 'mere financial loss' to United States residents, without more, is not a 'direct effect' in the United States") (quoting *Rong, et al. v. Liaoning Province Gov't,* 452 F.3d 883, 891 (D.C. Cir. 2006) (Henderson, J., concurring)). To establish a "direct effect" there must be a contractual clause mandating the fulfillment of a commercial obligation in the United States. *Atl. Tele-Network Inc. v. Inter-Am. Dev. Bank,* 251 F.

9

Supp.2d 126, 134 (D.D.C.2003); *Cutcliffe v. Univ. of Ulster, CaseNo.12-193, 2013 U.S. Dist.LEXIS 81336,at*34-35 (D. Me.2013)* (no direct effect in the United States where no location designated as place of performance). No such contractual obligation exists here. To the contrary, Plaintiff in his Verified Complaint, (Compl. *¶¶17-19)* concedes that the parties are contractually mandated to fulfill their obligations and resolve any dispute that arises afterwards in the United Kingdom. "the Nigerian Government Defendants agreed in writing to submit to the jurisdiction of the Courts of the United Kingdom for the underlying dispute between the Parties," and that all the transactions and resources of the Defendants are located in the United Kingdom. (*Memo. Dkt. No. 22 at. 24-24*)

The third clause of Section 1605(a)(2) is also inapplicable because the acts attributable by Plaintiff to the Defendants did not cause a "direct effect in the United States" as required by the FSIA 28 U.S.C. § 1605(a)(2).  "An effect is direct if it follows as an immediate consequence of the defendant's activity." *Republic of Argentina v. Weltover, Inc. (1992) 504 U.S. 607 at 618*. "Congress did not intend to provide jurisdiction whenever the ripples caused by an overseas transaction manage eventually to reach the shores of the United States." *United World Trade, Inc. v. Mangyshlakneft Oil Prod. Ass'n*, 33 F.3d 1232,1238 (10th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995); *Voest-Alpine Trading USA Corp. v.Bank of China*, 142 F.3d 887, 894 n.10 (5th Cir. 1998) ("[T]he third clause does not permit jurisdiction over foreign states whose acts cause only speculative, generalized, immeasurable, and ultimately unverifiable effects in the United States."), *cert. denied*, 525 U.S. 1041 (1998)

b. **The Expropriation Exception Does Not Apply**

Plaintiff's opposition dedicates a single paragraph to speculate that the Defendants conduct amounts to the expropriation of funds into the U.S. Dollar accounts held in New York.

10

(Opp. pg. 13, pp.3).   The Plaintiff invoking the expropriation exception in §1605(a)(3) of the FSIA in support of his case, is unfounded.

As detailed in Defendants' Memorandum which Plaintiff's Opposition has failed to rebut, (Memo. Dkt. No. 22 at. 17-18) "the takings exception does not reach takings by a foreign government of property within its own borders belonging to its own nationals as such expropriations do not violate international law." *Gean v. Korea,* 2015 U.S. Dist. LEXIS 65273 (D. Mass. May 18, 2015), at *15. Plaintiff admits in his Verified Complaint *(*Compl.¶30*)* that he is a Nigerian national living in London. *(*Memo. Dkt. No. 22 at. 18*)*. Therefore, even if the alleged funds that Plaintiff claims are withheld by the Defendants constitutes a taking, it would not be in violation of international law, as required by §1605(a)(3). *United States v. Belmont,* 301 U.S. 324, 332 (1937); *Comparelli v. Republica  Bolivariana  De Venez.,* 891 F.3d 1311, 1322-24 (11th Cir. 2018). (Memo. Dkt. No. 22 at. 18-19*)*

c.  **The Tortuous Act or Omission Exception Does Not Apply**

Plaintiff failed to tender any argument to rebut the Defendants' position substantiating that the tortuous act or omission exception to sovereign immunity under§1605(a)(4) of the FSIA, is inapplicable to the Plaintiff's claim.

Further, Plaintiff's opposition fails to demonstrate that both the tort and the injury must have occurred in the United States, as the FSIA requires. See *Street v. Quebec Provincial Agency for Indemnification of Victims of Criminal Acts, 1992 U.S.App. LEXIS 5591,* at*5 (1st Cir. Feb. 13, 1992)(citations omitted). Here, none of the actions attributable to the Defendants occurred in the United States and, consequently, Section 1605(a)(4) of the FSIA is inapplicable.

**III**

    **a.  Plaintiff's Opposition Fails To Rebut That This Court Is Required To Dismiss The Plaintiff's Action Under The Presumption of Enforceability Forum clause**

In addition to the ample grounds for dismissal of Plaintiff's Complaint pursuant to the FSIA, the Defendants have moved on alternative grounds to dismiss the Complaint pursuant to the presumption of enforceability of the foreign (United Kingdom) forum clause.(*Memo. Dkt. No.22 at 24-25)* In the present case, the Complaint concedes that the parties contractually agreed to submit their dispute to jurisdiction of the Courts in the United Kingdom, hence there is a presumption of enforceability of the U.K. forum clause, unless the Plaintiff is able to rebut the presumption of enforceability. *See Fasano v. Peggy Yu Yu* 921 F.3d 333, 335(2d Cir. 2019)("when the parties previously agreed to a contractual forum selection clause governing the claims in dispute, the forum non conveniens analysis is substantially modified with presumption in favor of the contractually selected forum.") (Memo. Dkt. No.22 at 24-25)

Under the presumption of enforceability of the forum selection clause, the court  is required to enforce the U.K. forum selection clause unless the Plaintiff is able to meet the burden of substantiating that: "(1) [the forum selection clause's] incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *See*. *Zanghi v. Ritella* , 19 Civ. 5830 (NRB)(pp. 9) (S.D.N.Y., Sep. 24, 2021) citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84, 392 (2d Cir. 2007).

Since the Plaintiff's opposition failed to tender any argument to rebut this presumption, the Plaintiff concedes that the action should be dismissed under the enforceability of the foreign (United Kingdom) forum clause.

**b.  Plaintiff's Opposition Fails To Rebut That United Kingdom Is An Alternative, Available Forum And Fails To Address The Relevant Private And Public Interest Factors Favoring United Kingdom**

The Defendants have also moved on alternative grounds to dismiss the Complaint pursuant to the doctrine of *forum non conveniens*. (Memo. Dkt. No.22 at 26-28*)*. In support of its motion, the Defendants have demonstrated (1) that an adequate alternative forum exists in the United Kingdom to hear Plaintiff's claim, and (2) that even the Plaintiff concedes that the considerations of convenience and judicial efficiency strongly favor litigating in the *United Kindgom. See Iragorri v. Int'l Elevator, Inc.,* 203 F.3d 8, 12 (1st Cir. 2000).  Thus, dismissal would be appropriate "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish...oppressiveness and vexation to a defendant...out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co. v. Miller,* 510 U.S. 443,447-448 (1994) (quoting *Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)*).

Plaintiff's Opposition fails to rebut the Defendants' showing of the adequacy of United Kingdom as an alternative forum and completely ignores the private and public interest factors that are essential to the *forum non conveniens* analysis. Having failed to respond to the Defendants' motion, Plaintiff's Complaint should be dismissed on grounds of *forum non conveniens.*

While Plaintiff's Opposition incoherently states *"The funds are here. The failure to pay Plaintiff is taking place here"* and alleges that Plaintiff was informed by the Defendants that the funds to satisfy the Judgment are held here in New York. (*Opp. Dkt. No. 30 at 14*), such baseless allegations, standing alone, are insufficient to render the United Kingdom inadequate for *forum non conveniens* purposes. Rather, Plaintiff must demonstrate that he has "no remedy at all" in

United Kingdom, as required by *Piper Aircraft Co. v. Reyno, 454 U.S. at 254*. As the *Piper* Court noted, this will be the case only" in rare circumstances." Id.

Plaintiff also failed to address Defendants' motion for forum non conveniens dismissal based on the relevant private and public interest factors favoring dismissal of the Complaint in favor of United Kingdom. As Defendants have shown, none of the relevant private or public interest factors favor a trial of this matter in the United States, as all of the activities preceding the filing of Plaintiff's Complaint took place in United Kingdom, and Plaintiff admits that the parties contractually agreed to submit their dispute to jurisdiction of the courts in the United Kingdom and all the resources are in the United Kingdom. (Memo. Dkt. No.22 at 26-28) Moreover, the United States has no interest that would overcome the important public interest in deciding localized controversies locally.

**IV**

### a. Plaintiff Failed to Complete Service of Process In Accordance With §1608(a) of the FSIA

The FSIA provides the exclusive procedures for service on a foreign state and the manner of service agreed to by the parties must be strictly complied with. See. *Magness v. Russian Federation (5th Cir. 2001) 247 F.3d 609, 615.* The U.K. Judgment that Plaintiff seeks to enforce in this case found and ruled that the parties agreed to a manner of service of the proceedings. (*Memo. Dkt. No.22 at 20-22)*. Plaintiff failed to comply with the agreed manner of service. Plaintiff in the opposition, argues that the U.K. Default Judgment "make no claim that the Parties had a global agreement that any service of process in any lawsuit anywhere in the world must be delivered to the High Commissioner of Nigeria at London" (Opp. Dkt. No. 30 at 3). To support his argument, the Plaintiff misrepresents the text from ¶21 of the

14

U.K. Judgment. The U.K. Default Judgment in finding that the parties agreed to the manner of

service states:

> The court then needs to be satisfied that proceedings have been duly served in accordance with section 12 of the Act. <u>The claimant relies on section 12(6) which provides for service of proceedings in any manner to which the State has agreed.</u> The evidence of the claimant, as set out in his affidavit, is that his lawyer in Nigeria had a conversation with the Solicitor General in Nigeria in February 2016, and according to the evidence of the claimant in that conversation the Solicitor General agreed to service of the proceedings by service on the High Commission in London. The claimant also relies on a further discussion, a telephone conversation which according to the evidence of the claimant set out in his affidavit of 5th November 2018 he had with the High Commissioner and the Ambassador at the Nigerian High Commission, <u>and the evidence of the claimant is that he was told that the High Commission was instructed to accept service, and the application was served accordingly. The claimant has therefore on the evidence satisfied the requirement in section 12(6) of the Act that the State has agreed to a particular manner of service, and transmission of the proceedings via the Foreign Commonwealth Office is not therefore required.</u>

(See. Dkt. 23, # Exh.1, at¶¶21)*(Emphasis added)*

The U.K. Default Judgment unequivocally found that the parties agreed to a manner of

service of the proceeding between the parties. Plaintiff's argument that the. Judgment did not

specify the scope of the agreement to include any lawsuit anywhere in the world has no merit.

Further the U.K. Court's holding that the parties had a prior agreement regarding manner of

service supports a valid and final judgment on the issues of whether the parties had an agreement

regarding manner of service. Plaintiff had a "full and fair opportunity to litigate in the. . . in [a] prior

proceeding (U.K. court)  and therefore is barred from trying to argue that the holding from the

judgment does not apply to the instant proceeding to enforce the judgment because the judgment

does not specify that the parties agreement applies to any lawsuit anywhere in the world. *See.

Edwardo v. The Roman Catholic Bishop of Providence,* 579 F. Supp. 3d 456, 477, fn. 15(S.D.N.Y.

2022),". A party is precluded from seeking alternate findings or remedies from a judgment

rendered upon the same cause of action.

**V.    The U.K. Default Judgment Is Not Final And Enforceable.**

Plaintiff in the opposition asserts that the U.K. court has scheduled a hearing on the viability of the current U.K. Default Judgment for mid- December of this year (2023), but misrepresents that the Judgment is final because he is informed that there is no stay.  Contrary to Plaintiff's proclamation, the Defendants' motion presented evidence (See Dkt. 24, # Exh.A,  at  ¶¶5-15 , Decl. of Gromyko Amedu) that substantiates that the Defendants' application to set aside the default judgment at the U.K. Court, truncated and vacated Plaintiff's effort to enforce the U.K. Default Judgment pending the U.K court's hearing on the Defendants' pending application to set aside the Judgment previously scheduled for October 27, 2023 and continued to mid-December, precisely on December 15, 2023*(Memo.  Dkt. No. 22, at 4; at pg. 28)*

The U.K. Default Judgment in this action is still not final and enforceable, since the pre-requisite order to enforce the Judgment (Final Third Party Debtors Order (TPDO)) has not been issued and cannot be issued until the court hears and makes a ruling on the Defendants' pending application to set aside the default judgment previously scheduled for October 27, 2023 and continued to December 15, 2023.  *See Overseas Dev. Bank in Liquidation v. Nothmann* 115 A.D.2d 719, 720(N.Y. App. Div. 1985)(English judgments by virtue of their age, were not "final, conclusive and enforceable" under CPLR 5302, without a writ of execution upon leave from an English court. ) *See also Dresdner Bank AG v. Haque,* 161 F Supp 2d 259, 263 (SDNY 2001)("plaintiff "bears the burden of proving that no mandatory basis for non-recognition *pursuant to CPLR § 5304(a) exists").*

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request the Court to dismiss

Plaintiff's Complaint.

Dated:  December 8, 2023                    Respectfully submitted,

                                           */s/ Gerald O. Egbase*
                                           Gerald O. Egbase
                                           (*Pro Hac Vice* Admission Pending)
                                           **AOE Law & Associates**
                                           800 W. 1st Street, Suite 400
                                           Los Angeles, California 90012
                                           Tel:(213)620-7070
                                           Fax(818)450-1456
                                           Email:ge-aoe@baselaw.net
                                             *Attorneys for the Defendants*

17

## Certificate of Service

I hereby certify that on December 8, 2023, **MEMORANDUM OF LAW IN** REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OF **DEFENDANTS FEDERAL GOVERNMENT OF NIGERIA AND ATTORNEY GENERAL OF THE FEDERAL GOVERNMENT OF NIGERIA**, was electronically filed and served with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record, I further emailed courtesy copies of the same pleading to counsels:

Baruch S. Gottesman, Esq. ;   e-mail: bg@gottesmanlegal.com
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
bg@gottesmanlegal.com
Phone: (212) 401-6910
Attorney for  the Plaintiff


Fred G. Wexler, Esq. ;          e-mail; fgw@browngavalas.com
David H. Fromm, Esq.;          e-mail; dfromm@browngavalas.com
Robert J. Brown;
BROWN GAVALAS & FROMM LLP
60 East 42nd Street, Suite 4600
New York, New York 10165
Phone: (212)-983-8500
Attorneys for Defendants, Central Bank of Nigeria


Steven B. Feigenbaum (519592)
KATSKY KORINS LLP
605 Third Avenue
New York, New York 10158
(212) 953-6000
sfeigenbaum@katskykorins.com
Attorneys for Defendant JPMorgan Chase Bank, N.A.

/s/*Gerald O. Egbase*
Gerald O. Egbase