

**Baruch S. Gottesman**
Attorney and Counselor at Law

<u>**Via ECF**</u>
The Hon. District Judge Lewis J. Liman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Notice of Supplemental Authority
       *Williams v. Fed. Gov. of Nigeria, et al.*,
       <u>Case No. 1:23-cv-7356-LJL-SDA</u>

To The Honorable District Judge Liman:

## I.  <u>Introduction</u>

I have the honor to represent the Plaintiff in the matter of <u>Williams v. Federal Government of Nigeria, *et al.*</u>, , Case No. 1:23-cv-7356-LJL-SDA.  We respectfully write to notify the Court of the following supplemental authority in opposition to the Defendants' pending Motions to Dismiss, namely the Approved Judgment in *Williams v. Federal Gov't of Nigeria, et ano.*, [2023] EWHC 3282 (Comm)(High Courts of Justice, King's Bench Division)(December 19, 2023) available online through the British and Irish Legal Information Institute (BAILII) at https://www.bailii.org/ew/cases/EWHC/Comm/2023/3282.html.

## II.  <u>Admissibility of this Supplemental Authority</u>

I understand that neither the Local Rules nor the Individual Practice Rules of this Honorable Court provide a formal procedure by which Supplemental Authority may be presented for consideration.  We observe that the practice before this Court has been to accept submissions of supplemental authority by Letter, *See, e.g.*, LETTER TO NOTIFY COURT OF SUPPLEMENTAL AUTHORITY in *Kreit v. Byblos Bank S.A.L.*, No. 1:22-cv-10751 (LJL)(S.D.N.Y. Oct. 4, 2023)(ECF 56) as noted in *Kreit v. Byblos Bank S.A.L.* 2023 U.S. Dist. LEXIS 189468, at *5 (S.D.N.Y. Oct. 22, 2023); *In re Appharvest Sec. Litig.*, No. 21-cv-7985 (LJL), 2023 U.S. Dist. LEXIS 132320, at *46 (S.D.N.Y. July 31, 2023).

This Court has also cited the principle that: "While it would be ideal for parties to discover and submit all relevant case law before a motion is fully briefed, '[i]t is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete.'" *Zurich Am. Ins. Co. v. XL Ins. Am., Inc.*, 547 F. Supp. 3d 381, 400 n.5 (S.D.N.Y. 2021) *quoting Delgado v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 119069, 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016); *Duprey v. Twelfth Judicial Dist. Court*, 2009 U.S. Dist. LEXIS 78059, 2009 WL 2951023, at *3 (D.N.M. Aug. 10, 2009).  That practice is particularly relevant here because the Decision issued on December 19, 2023, after the close of briefing on December 8, 2023.

To the extent that this Honorable Court was to reject this supplemental authority because it "add[s] new arguments or prejudices defendants", *Thompson v. Municipal Credit Union*, No. 21-cv-7600 (LJL), 2022 U.S. Dist. LEXIS 124024, at *21 n.7 (S.D.N.Y. July 12, 2022) *paraphrasing Frooks v. Town of Cortlandt*, 997 F.Supp. 438, 445 n.1 (S.D.N.Y. 1998), then at the Court's direction, we respectfully reserve the right to re-submit this supplemental authority pursuant to a Motion to file a Surreply or a Motion to Amend the Complaint.

### III.    Relevance of the Supplemental Authority

The Parties briefed this Honorable Court on whether the U.K. Default Judgment is Final.  You will recall that the Defendants Federal Government and its Attorney General argued that the Judgment is not final because of a pending Application to Set Aside the Default Judgment, *See* Movants' Memo in Support at p. 28 (ECF 22, page 36 of 38); *See also* Affidavit of Gromyko Amedu in Support at Exhibit H (ECF 24-8)(copy of e-mail from Senior Listing Officer fixing time for hearing on Application).  The Plaintiff reported that the matter is set for a (rescheduled) hearing on December 15, 2023 and that no Stay on enforcement is in place, *See* Memo in Opposition at p. 3 (ECF 30, page 7 of 20).  Defendants confirmed that the hearing was to be held on December 15, 2023, *See* Defendants' Reply Memorandum at p. 16 (ECF 31, Page 20 of 22).

The Parties also argued whether the Defendants had waived sovereign immunity.

I am informed that hearings were held on December 15 and 19, 2023 and the Approved Judgment has issued.  The Approved Judgment confirmed that Justice Moulder order remains in full effect and Mr Justice Bright further clarified the enforceability of the written agreement to waive sovereign immunity as follows:

> "I would only add that, given the terms of the trust agreement that is central to Dr Williams's complaint – i.e., that the funds guaranteed to him were to be held on trust by a trustee in England, acting on behalf of the Federal Government of Nigeria – it also seems to me to fall within section 3(1)(b)."

Approved Judgment in *Williams v. Federal Gov't of Nigeria, et ano.*, [2023] EWHC 3282 (Comm)(High Courts of Justice, King's Bench Division)(December 19, 2023)

Annexed as **Exhibit A** to this Letter is a complete, true and accurate copy of the Approved Judgment, which is also available online through the British and Irish Legal Information Institute (BAILII) at https://www.bailii.org/ew/cases/EWHC/Comm/2023/3282.html.  Annexed as **Exhibit B** is a complete, true and accurate copy of the Order reflecting the conclusions reached in the Approved Judgment.

**IV.** <u>**Conclusions**</u>

For these reasons we respectfully request that the Court consider this Supplemental Authority, and upon consideration, that the Court deny the pending Motions to Dismiss.

**RESPECTFULLY SUBMITTED**

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
Fax: (212) 859-7307
bg@gottesmanlegal.com

*Submitted through ECF on All Appearing Parties*
*Enclosures: Exhibits A and B*