| | |
|---|---|
| **IN THE HIGH COURT OF JUSTICE**<br>**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**<br>**COMMERCIAL COURT (KBD)** | **CL-2016-000151** |

*[Seal: HIGH COURT OF JUSTICE – THE BUSINESS & PROPERTY COURTS OF ENGLAND & WALES – 19 Dec 2023]*

CL-2016-000151

**BEFORE: Mr Justice Bright**
**DATED: 19 December 2023**

**BETWEEN:**

Louis Emovbira Williams

**Claimant**

-and-

(1) Federal Government of Nigeria
(2) Attorney General of the Federal Government of Nigeria

**Defendants**

---

**ORDER**

---

**UPON** the Defendants' application notice dated 28 September 2020

**AND UPON** the Claimant's application notice dated 9 October 2023

**AND UPON** considering the papers filed by the parties

**AND UPON** hearing Counsel for the Claimant and Counsel for the Defendants

**IT IS ORDERED THAT:**

1. The application of the Defendants is dismissed and the default judgment granted by Moulder J on 9 November 2018 remains in effect.

2. The application of the Claimant is dismissed.

3. The Defendants are to pay the Claimant's costs, summarily assessed in the sum of £32,000.

4. The Defendants' application for permission to appeal is refused. <u>Reasons</u>: The critical issue (whether there was an agreement for service on the Defendants at the Nigerian High Commission in London) is one of fact.  All the available evidence on this issue is in the Claimant's favour.  The Defendants' evidence does not address the main factual point on this issue, i.e. whether the Solicitor General had the conversation asserted by the Claimant with the Claimant's lawyer in Nigeria, in February 2016.