# A.O.E LAW & ASSOCIATES
### A PROFESSIONAL LAW CORPORATION

BUNKER HILL TOWER
800 W. 1ST STREET, SUITE 400
LOS ANGELES, CA 90012
CALL: 213.620.7070 FAX: 213.620.1200

ANTHONY O. EGBASE, *ESQ.**
SHANA Y. STARK, *ESQ.*

GERALD O. EGBASE, ESQ
ALIYAH J. GUIDRY, ESQ.
DEBRA WILLIAMS *(MANAGER).*

January 17, 2024

**VIA ECF**

The Honorable. Lewis J. Liman
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** **Defendants Reply To Plaintiff's Notice of Supplemental Authority**
> **Dr. Louis Emovbira Williams v. Federal Government of Nigeria et. al**
> **Case Index No. 23 cv. 7356 (LJL)(SDA**)

Dear Honorable Judge Liman;

Our firm represents the Defendants Federal Government of Nigeria and Attorney General of the Federal Government of Nigeria in the above-referenced action. The action relates to Plaintiff's efforts to enforce the default judgment that he obtained on Nov. 9, 2018, at the High Court Of Justice, Of England And Wales, Rolls Building Court, London, *(*U.K. Court*)* before Mrs. Justice Moulder, with <u>Case No: CL-2016-000151 </u>(U.K. Default Judgment*).*

I am filing this reply to respond to the Plaintiff's Letter filed on January 14, 2024, termed as Plaintiffs Letter *Notice of Supplemental Authority ( ECF 32).* In filing the letter, Plaintiff attached a copy of the *Approved Judgment as Exhibit A*, and a copy of the *Order reflecting the conclusions reached in the Approved Judgment as Exhibit B*, as the supplemental authorities.

Defendants acknowledge that the supplemental authorities attached to the Plaintiff's Letter of January 14, 2024, as *Exhibit A*, is the *Approved Judgment,* and that attached as *Exhibit B* is the *Order reflecting the conclusions reached in the Approved Judgment (Order)*, from the ruling at the High Court Of Justice, Of England (U.K. Court) from the Defendants' application to set aside the Nov. 9, 2018 default judgment, heard on December 15, 2023 and December 19, 2023. Defendants herein incorporate the Plaintiff's *Exhibit A (Approved Judgment) and Exhibit B (Order)* in this reply.

*Defendants' Reply To Plaintiff's Notice of Supplemental Authority*
*Dr. Louis Emovbira Williams v. Federal Government of Nigeria et. al*
*Case Index No. 23 cv. 7356 (LJL)(SDA)*

Correspondingly, Defendants in reply to the Plaintiff's letter proffers the following.

a.  **Enforceability Of The U.K.  Default Judgment**

While the Defendants acknowledge that the supplemental authorities (rulings from U.K. Court) *(Exhibit A and Exhibit B)* establish that the U.K. Court denied the Defendants' application to set aside the U.K. Default Judgment, the supplemental authorities does not disperse the Defendants argument and evidence on its moving memo, substantiating that the U.K. Default Judgment in this action is not final and enforceable until a pre-requisite order to enforce the judgment (Final Third Party Debtors Order (TPDO)) has been issued.  *See (Movants' Memo in Support at p. 28-29 (ECF 22, page 36 -37 of 38)); See also Affidavit of Gromyko Amedu in Support at Exhibit H (ECF 24-8; ¶5-7; and ¶13-15)*

b.  **Waiver of Sovereign Immunity**

Plaintiff's contention that the supplemental authorities *(Exhibit A and Exhibit B)* clarified the enforceability of the written agreement to waive sovereign immunity in this proceeding is fallacious.  While the supplemental authorities (U.K. Court's rulings) as detailed within ¶¶ 65-68 of the *Approved Judgment* (Exhibit A), found that the trust agreement qualifies within the commercial transaction exception within the U.K. laws, it is erroneous and disingenuous for Plaintiff to insinuate that the finding of commercial transaction under England (U.K) laws, equates or qualifies as FSIA's commercial activity exception within the United States under 28 U.S.C. § 1605(a)(2).

As detailed in the Defendants motion to dismiss (*Memo. In Support at p.7-19(ECF 22, page 15-27 of 38)); Reply Memo. at p 8-11 (ECF 31, page 12-15 of 22)),* FSIA provides the sole basis for obtaining jurisdiction over a foreign sovereign in the federal and state courts of the United States (28 U.S.C. § 1604),  *see. Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993).*  The only way Plaintiff could obtain jurisdiction over the Defendants in this case is by establishing the application of one of the exceptions to immunity enumerated in the FSIA.  *Amerada Hess Shipping Corp., 488 U.S. at 434-35; 28 U.S. Code§ 1605.*

To overcome the presumption of immunity under the commercial activity exception, Plaintiff must show that "the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). See. *Friedman v. Gov't of Abu Dhabi (D.D.C. 2020) 464 F. Supp. 3d 52, 61.*

Plaintiff has not established the applicability of the FSIA's commercial activity exception in the United States under 28U.S.C. § 1605(a)(2), and none of the exceptions invoked by Plaintiff applies in this case. *See Memo in Support at p.15-17 (ECF 22, page 23-25 of 38);*  Reply Memo, *at p.9-10, (ECF 31, page 13-14  of 22)*

*Defendants' Reply To Plaintiff's Notice of Supplemental Authority*
*Dr. Louis Emovbira Williams v. Federal Government of Nigeria et. al*
*Case Index No. 23 cv. 7356 (LJL)(SDA)*

c. **Supplemental Authority (Approved Judgment (Exhibit A) Substantiates Defendants Arguments.**

Meanwhile, it is worthy to note that the Supplemental Authority) *Approved Judgment (Exhibit A)*) further eloquently dispels the fundamental basis of Plaintiff's complaint that under the alleged Fidelity Guarantee, the Defendants entered into a contract with Plaintiff to waive sovereign immunity. As substantiated by the argument supporting the Defendants' motion to dismiss, (*Memo in Support at p.10-15 (ECF 22, page 18-23 of 38)); Reply Memo. at p 6-8 (ECF 31, page 10-12 of 22)),* the *Approved Judgment (Exhibit A)* reemphasized that the alleged Fidelity Guarantee is not a contract between Plaintiff and the Defendants, and based on the alleged Fidelity Guarantee, Defendants did not enter into an agreement or agree to waive sovereign immunity. *See ¶ 28, Approved Judgment_ Exhibit A to Plaintiff's Letter Notice of Supplemental Authorities, ECF 32))*

" *Turning to Dr Williams's entitlement to default judgment, Moulder J did not give default judgment on the first basis asserted by Dr Williams, i.e., his claim under the Fidelity Guarantee. She was not persuaded that there was an exemption to the state immunity that the Federal Government of Nigeria is normally entitled to enjoy under the State Immunity Act 1978. This was because, despite its title, the Fidelity Guarantee was not a guarantee in the sense in which that word is normally used. It was a governmental decree, with the character of a law or statute, and thus an exercise of sovereign authority of precisely the kind that attracts state immunity. She also rejected an argument that the terms of the Fidelity Guarantee constituted a prior written agreement by which the Federal Government of Nigeria submitted to the jurisdiction of the courts of this country".*

*(¶ 28, Approved Judgment (Exhibit A to Plaintiff's Letter Notice of Supplemental Authorities, ECF 32))*

d. **Agreed Manner of  Service of Process.**

The *Approved Judgment (Exhibit A)*  also further supports the Defendants argument (*Memo in Support at p.20-22* ((ECF 22, page 28-30 of 38); that the parties agreed to a manner of service of the process and Plaintiff failed to the comply with the agreed manner of service.  *See. ¶ 61 the Approved Judgment_ Exhibit A to Plaintiff's Letter Notice of Supplemental Authorities, ECF 32))*

*"I therefore accept that, on the evidence presented to me, it seems likely that the Federal Government of Nigeria agreed to accept service by delivery to the High*

*Defendants' Reply To Plaintiff's Notice of Supplemental Authority*
*Dr. Louis Emovbira Williams v. Federal Government of Nigeria et. al*
*Case Index No. 23 cv. 7356 (LJL)(SDA)*

*Commission in London, as duly happened. This was an agreement within section 12(6) of the State Immunity Act 1978.''*

*(¶61,  Approved Judgment_ Exhibit A to Plaintiff's Letter  Notice  of Supplemental Authorities, ECF 32))*

**<u>Conclusion :</u>**

Plaintiff's supplemental authorities do not alter the substance of the Defendants' motion to dismiss, instead, the supplemental authorities further validate the arguments supporting the Defendants' motion to dismiss.

We thank the Court for considering this matter.

Dated:  January 17, 2024                                             Respectfully submitted,

<u>/s/ Gerald O. Egbase</u>
Gerald O. Egbase
(*Pro Hac Vice* Admission Approved)
**AOE Law & Associates**
800 W. 1st Street, Suite 400
Los Angeles, California 90012
Tel:(213)620-7070
Fax(818)450-1456
Email:ge-aoe@baselaw.net

Cc: Via ECF

David H. Fromm, Esq
Baruch S. Gottesman, Esq.
Steven B. Feigenbaum, Esq.
Fred G. Wexler, Esq.
Robert J. Brown, Esq.