```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
DR. LOUIS EMOVBIRA WILLIAMS,                                       :
                                                                   :
                           Plaintiff,                              :
                                                                   :
              -v-                                                  :
                                                                   :
FEDERAL GOVERNMENT OF NIGERIA;                                     :
ATTORNEY GENERAL OF THE FEDERAL                                    :
GOVERNMENT OF NIGERIA; CENTRAL                                     :
BANK OF NIGERIA; JPMORGAN CHASE &                                  :
CO.; and JOHN DOES 1–10,                                           :
                                                                   :
                           Defendants.                             :
                                                                   :
-------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024
```

23-cv-7356 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant the Central Bank of Nigeria ("CBN") moves, pursuant to Federal Rule of Civil Procedure 26, for an order directing plaintiff Louis Emovbira Williams ("Plaintiff") to: (1) serve a response to the CBN's Notice to Produce that is signed by an attorney of record pursuant to Federal Rule of Civil Procedure 11(a); (2) organize and label the documents produced to correspond to each request; (3) state whether any documents were withheld pursuant to an objection or privilege pursuant to Federal Rule of Civil Procedure 34(b)(2)(C) and if so, to provide a privilege log; (4) provide an affidavit or declaration identifying which responsive documents are no longer available to plaintiff and the affirmative steps taken by plaintiff to procure the requested documents; (5) produce all documents that are in his custody and control (i.e. documents in the custody of his London lawyers); (6) withdraw the objection "calls for a legal conclusion" to those requests seeking documents that substantiate the factual allegations of his complaint and the pleadings filed in the lawsuit in London that were attached as an exhibit to plaintiff's complaint

and produce responsive documents to those requests; (7) withdraw the objection/response that the "defendants" have the responsive documents and produce responsive documents to those requests; (8) produce and/or identify the public reports to which he was referring in response to Request No. 3 of the CBN's Notice to Produce; and (9) withdraw the objection that the term "agreement" in the CBN's Request No. 64 calls for a legal conclusion and respond to this request. Dkt. No. 43. Defendants the Federal Government of Nigeria ("FGN") and the Attorney General of the Federal Government of Nigeria ("FGN-AG") join in the motion. Dkt. No. 44.

On November 25, 2024, the Court entered an order noting that Plaintiff had failed to respond to the motion to compel of the Central Bank of Nigeria at Dkt. No. 43 in the time required by this Court's Individual Practices and that the Court would consider the motion to be unopposed unless a response was filed by November 27, 2024. Dkt. No. 45. The Court also noted that Plaintiff had until November 27, 2024 to respond to the motion to compel of the Federal Government of Nigeria and the Attorney General of Nigeria. Dkt. No. 44. On November 27, 2024, Plaintiff responded with a request that it be granted an extension to December 9, 2024, to respond. Dkt. No. 47.

The motion for an extension of the time to respond to the motion to compel is denied. Under Federal Rule of Civil Procedure 6(b)(1), a request for an extension made before a due date may be granted for "good cause," while a request made after the due date has expired must be supported by "good cause" and a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(A), (B). Plaintiff has shown neither good cause nor excusable neglect for his failure to timely respond to the motions to compel. He asserts that the underlying discovery requires consultation with his client who is in poor health, counsel in the United Kingdom, and "other unique challenges." Dkt. No. 47 at 1. However, the Court's order did not call for the production of documents by November

2

27, 2024, but a response to the legal points raised by Defendants. The CBN's motion was filed on November 20, 2024, Dkt. No. 43, and the FRG and FGN-AG merely joined in that motion, Dkt. No. 44. Plaintiff had a full week to respond to the motions. No good cause or excusable neglect has been shown for Plaintiff's failure to do so.

On the merits, the Court grants the motions to compel in part and denies them in part. Plaintiff's response to the notice to produce is defective. Under Federal Rule of Civil Procedure 26(g), every response to a discovery request "must be signed by at least one attorney of record in the attorney's own name -- or by the party personally, if unrepresented." Fed. R. Civ. P. 26(g); *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *5 (S.D.N.Y. Dec. 21, 2022). In his response to the notice to produce, Plaintiff must also state whether any documents will be withheld pursuant to an objection or privilege pursuant to Federal Rule of Civil Procedure 34(b)(2)(C) and if so, to provide a privilege log. *See In re Bystolic Antitrust Litig.*, 2021 WL 878568, at *3 (S.D.N.Y. Mar. 9, 2021). Absent agreement by the parties to the contrary, where a claim of privilege is asserted in response to a request for discovery, the party making such assertion must provide a privilege log at the time of the response to the discovery request. Local Rules 26.2(b). The Court refers the parties to Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2 for the required contents and procedure for a privilege log. In addition, the following are not proper objections to a request for production: "calls for a legal conclusion" and that the term "agreement" calls for a legal conclusion. The Court refers the parties to Local Civil Rule 26.4 which requires that "[d]iscovery requests must be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have the information or can obtain it from the client." *Gonzalez v. Cnty. of Suffolk*, 2014 WL 1669134, at *8 (E.D.N.Y. Apr. 23, 2014). Finally, documents must be produced "as they are kept

in the usual course of business" or Plaintiff must "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(1).

With respect to the actual production, absent a valid objection, Plaintiff must produce all documents in his possession, custody or control, but he can assert an objection on the grounds that the Defendants have the responsive documents. To the extent that Plaintiff declines to produce a document because it is publicly available, Plaintiff shall identify the document. The motions to compel are otherwise denied.

Absent agreement by the parties to the contrary submitted to and "so ordered" by the Court, Plaintiff shall serve a proper signed response to the notice to produce and the requested documents no later than December 9, 2024.

The motion is granted in part and denied in part. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 43 and 44.

SO ORDERED.

Dated: December 2, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge