# BROWN GAVALAS & FROMM LLP
**60 EAST 42ND STREET, SUITE 4600**
**NEW YORK, NEW YORK 10165**
**TEL: (212) 983-8500**
**FAX: (212) 983-5946**
**www.browngavalas.com**
**bgmail@browngavalas.com**

NEW JERSEY OFFICE
————
1118 CLIFTON AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A. GAVALAS
(1978-1999)
ROBERT J. SEMINARA
(1987-1999)

December 23, 2024

**VIA ECF**

The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007

Re:   Williams v. Federal Government of Nigeria et al.
        Case No.: 1:23-cv-7356 (LJL)

Dear Judge Liman:

We represent the Central Bank of Nigeria ("CBN"), a defendant in the above-captioned action, and are writing regarding a discovery dispute with plaintiff that we have not been able to resolve despite a good faith attempt to do so. In accordance with Your Honor's Individual Practice Rules, we sent plaintiff's counsel a detailed letter on December 17, 2024 outlining the issues with plaintiff's supplemental response to discovery that he served in accordance with the Order, dated December 13, 2024 [Document No. 52]. A copy of our December 17, 2024 letter is attached hereto as Exhibit 1. A copy of plaintiff's supplemental response is attached hereto as Exhibit 2. In the letter, we requested a "meet and confer" and provided two alternative dates to have the meeting. To date, plaintiff's counsel has neither responded to the letter nor responded to our request for a "meet and confer." Accordingly, we are seeking the Court's intervention.

On December 2, 2024, the Court issued an Order regarding a discovery dispute between the parties concerning, *inter alia*, the sufficiency of plaintiff's responses to the CBN's discovery demands. [Document No. 50] In the December 2, 2024 Order, plaintiff was required to serve a supplemental discovery response by December 9, 2024, which was subsequently extended to December 13, 2024. On December 13, 2024, plaintiff served the supplemental discovery response, but he failed to serve any additional documents. Instead, Plaintiff objected to many of the requests on the grounds that the "defendants" have the requested documents. Additionally, Plaintiff stated that he requested responsive documents from his attorneys and accountants but had not received the documents. As Plaintiff has had the CBN's request since October 2024, we respectfully request that he be required to produce all responsive documents by a date certain.

**BROWN GAVALAS & FROMM LLP**

The Honorable Lewis J. Liman, U.S.D.J.
December 23, 2024
Page 2

Moreover, to the extent Plaintiff objects to producing documents because he claims the documents are already in the possession of the CBN, said objection is improper. *See Komatsu v. City of New York*, 18cv3698 (LGS) (GWG), 2020 U.S. Dist. LEXIS 238711 (S.D.N.Y. Dec. 18, 2020) (overrules objection that statements were already in the possession of requesting party). *See also Stokes v. Wayne Cnty.* 21cv6657 (EAW), 2023 U.S. Dist. LEXIS 10883 (W.D.N.Y. June 23, 2023), *Woodward v. Holtzman*, 16cv1023A(F), 2018 U.S. Dist. LEXIS 179756 (W.D.N.Y. Oct. 18, 2018). The case of *Milner v. City of Bristol*, No. 3:18cv01104 (JAM)(SALM), 2020 U.S. Dist. LEXIS 188770 (D. Conn. Oct. 13, 2020), is instructive. In *Milner*, the plaintiff, as in the case at bar, objected to discovery demands on the grounds that the information was already in the possession of the defendants. The Court stated "[t]his objection is without merit … it is irrelevant that the party seeking discovery already known the facts as to which he seeks discovery. An objection that the information sought … is equally available to the requesting party is insufficient to resist a discovery request." (internal citations omitted). *Id*. at *6. Moreover, "it is possible that plaintiff may possess responsive documents that are not in defendants' possession, custody, and control." *Stokes*, 2023 U.S. Dist. LEXIS 108883 at *19.

This objection is particularly inappropriate as documents alleged to be from CBN or signed by CBN are fraudulent and thus, are no documents that CBN's possesses. For example, the document Plaintiff calls the "Fidelity Guarantee" is a fake document and was not signed by former CBN Governor Alhaji Abdulkadir Ahmed. Similarly, a letter purportedly signed by Paul Ogwuma, another former governor of the CBN, is also fake. The CBN retained Robert W. Radley, a forensic handwriting and document expert, who has determined that these documents are fake and explains why in his report, dated March 13, 2013, a copy of which is attached hereto as Exhibit 3.[1] While Plaintiff may claim that the CBN has various responsive documents, the CBN does not have these fake documents. Hence, the CBN is entitled to obtain all documents that the Plaintiff has that he claims were prepared and/or signed by the CBN. Otherwise, CBN will be unduly prejudiced because plaintiff would be able to ambush the CBN by using documents that were never produced in discovery.

Additionally, we believe the objection is improper as it pertains to documents plaintiff has regarding Pearl Konsults, Limited, Michael Chukwu, Reuben Gale, Handelskrediet Kantor, accounts maintained at UBA Nigeria, and the documents that support his prosecution for his alleged economic crimes. In a signed statement submitted by plaintiff, he specifically stated that these categories of documents were confiscated by the State Security Services of the Federal Government of Nigeria ("FGN") and remain in the custody of the State Security Services, Force Criminal Investigation Department, the Ministry of Justice, and the Office of the Presidency of the Federal Government of Nigeria. *See* Section III, paragraph a(3) and (4) of the Supplemental

---

[1] CBN originally retained Mr. Radley to assist in its defense in a proceeding commenced by Plaintiff in London. All but one of Plaintiff's claims against the CBN in the London lawsuit were dismissed. The case was then scheduled for trial. Mr. Radley was prepared to testify at the trial, but Plaintiff voluntarily dismissed his sole remaining claim three days before the trial was scheduled to begin.

**BROWN GAVALAS & FROMM LLP**

The Honorable Lewis J. Liman, U.S.D.J.
December 23, 2024
Page 3

Response signed by plaintiff, a copy which is attached hereto as Exhibit 4.  However, nowhere in this statement does Plaintiff affirmatively state that the CBN has these documents.  Accordingly, Plaintiff has not established that the CBN has these documents and thus, he should be ordered to produce them.

Plaintiff also objected to producing documents relating to the lawsuits he filed in London against the FGN on the grounds that the CBN has these documents.  The CBN, however, is not the FGN, it is a separate legal entity.  Accordingly, plaintiff should be required to produce the responsive documents relating to the lawsuits against FGN in London to CBN.

In addition, in the December 2, 2024 Order, the Court specifically ruled that "calls for a legal conclusion" is not a proper objection to a request for production.  Despite the foregoing, plaintiff objected to request nos. 5, 6, 14, 40, and 46 in the CBN's request on the grounds that they call for a legal conclusion.  Accordingly, plaintiff should be required to fully respond to these requests.

In the December 2, 2024 Order, the Court also directed the plaintiff to identify any public reports that he does not produce, but he failed to do so in response to request no. 3.  Instead, plaintiff generally refers to public reports of the CBN.

Plaintiff's response to request no. 87 remains inadequate.  Plaintiff responded only as to "UBA," but failed to respond to any of the other banks identified in the request.  Moreover, the plaintiff specifically alleged in his pleadings in this action that he maintained accounts at the banks identified in request no. 87.  Accordingly, the plaintiff should be ordered to fully respond to this request.

As required by Your Honor's Individual Practice Rules, we hereby certify that we attempted in good faith to resolve the issues identified above with plaintiff's counsel.  Accordingly, we respectfully request an order requiring plaintiff to properly respond to the discovery as aforesaid.

Respectfully submitted

BROWN GAVALAS & FROMM LLP

Fred G. Wexler

cc:    (via ECF)
       All counsel of record