```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
DR. LOUIS EMOVBIRA WILLIAMS,                                         :
                                                                     :
                              Plaintiff,                             :
                                                                     :     23-cv-7356 (LJL)
       -v-                                                           :
                                                                     :     MEMORANDUM AND
FEDERAL GOVERNMENT OF NIGERIA;                                       :            ORDER
ATTORNEY GENERAL OF THE FEDERAL                                      :
GOVERNMENT OF NIGERIA; CENTRAL BANK OF                               :
NIGERIA; JPMORGAN CHASE & CO.; and JOHN                              :
DOES 1–10,                                                           :
                                                                     :
                              Defendants.                            :
                                                                     :
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      Defendant Central Bank of Nigeria ("CBN") moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel the production of documents and responses to interrogatories by Plaintiff Louis Emovbira Williams ("Plaintiff"). Dkt. No. 53. The Federal Republic of Nigeria ("FGN") and the Attorney General of the Federal Republic of Nigeria ("AG-FGN," and, together with FGN and CBN, "Defendants"), join the motion. Dkt. No. 55.

      On December 2, 2024, the Court entered an order granting in part and denying in part Defendants' previous motion to compel Plaintiff to produce discovery. Dkt. No. 50. The Court ordered Plaintiff to serve a signed response to the notice to produce documents, to produce a privilege log and to produce documents and to do so either as they were kept in the usual course of business or organized and labeled to correspond to the categories in the request by December 9, 2024. *Id.* The Court's order stated that Plaintiff could assert an objection on the grounds that the Defendants had the responsive documents and that to the extent Plaintiff declined to produce a document because it was publicly available, Plaintiff was to identify such document. *Id.* By

agreement of the parties, the December 9, 2024 deadline was subsequently extended to December 13, 2024. Dkt. No. 53 at 1.

On December 13, 2024, Plaintiff served Supplemental Responses and Objections to CBN's First Set of Requests for Production of Documents and Things. *Id.* With respect to all but a very few of CBN's 96 requests,[1] Plaintiff answered simply: "The Plaintiff respectfully objects because the Defendants have any responsive document(s)." Dkt. No. 53-2. Plaintiff provided little elaboration as to any basis for his belief that Defendants possessed the responsive documents. With respect to Requests Nos. 7 and 8, which called for documents supporting Plaintiff's allegation that Reuben Gale was secretly acting on behalf of the Nigerian State Security Services and that Gale received $6,520,190 that he unlawfully withheld from Plaintiff, Plaintiff additionally asserts that the documents were seized by the State Security Service in the mid-1980s and that he believes those documents "remain in the possession of the Defendants and their agents," or that Defendants have any responsive documents. *Id.* (Plaintiff's responses to Request Nos. 7–8). In response to Request Nos. 3 and 4 which calls for documents supporting the allegations that the CBN maintains bank accounts on behalf of the FGN and AG-FGN at J.P. Morgan Chase, N.A., in New York, Plaintiff stated that he had no responsive documents and that he "understand[s] that public reports of [CBN] identify the maintenance of reserves at JP Morgan in New York, but I do not have any specific public report." *Id.* (Plaintiff's responses to Request Nos. 3–4).[2] Plaintiff objected to

---

[1] Plaintiff responded to a few of the requests by stating that he does not have any responsive documents. Dkt. No. 53-2 (Plaintiff's responses to Request Nos. 3–4, 55, 86, 93–96). Request No. 87 calls for documents concerning Plaintiff's accounts at the United Bank of Africa, Union Bank Falomo Branch, First Bank Maloney Street Branch, First Bank Apapa Branch, IBWA Lagos Branch and ACB Martin Street Branch. *Id.* Plaintiff objects to that request on grounds "he does not own or operate any account at UBA" without addressing the other banks. *Id.* (Plaintiff's response to Request No. 87). Plaintiff did not respond to Request No. 92, asserting that he does not understand the demand. *Id.* (Plaintiff's response to Request No. 92).
[2] Plaintiff's letter in opposition to Defendants' motion to compel states that, with respect to

2

several requests, which generally sought documents supporting particular allegations in Plaintiff's complaint, on the basis that each of those requests "calls for a conclusion of law." *Id.* (Plaintiff's responses to Request Nos. 5–6, 14, 40, 46). With respect to Request Nos. 83–85, which sought documents filed by or on behalf of Plaintiff in the High Court of England and Wales, and Request Nos. 88–89, that sought state papers of the former Attorney General of Nigeria, Plaintiff adds: "I have asked my UK Counsel for any such files and have not received them." *Id.* (Plaintiff's responses to Request Nos. 83–85, 88–89). As a result, Plaintiff did not produce *any* documents in response to CBN's first request for production of documents.

Plaintiff's responses to the First Request for Production of Documents of AG and FGN are similar. Dkt. Nos. 55-1, 55-2.

Defendants now move to compel Plaintiff to produce the underlying documents. CBN argues that to the extent that Plaintiff objects to producing documents on grounds that such documents are already in Defendants' possession, the objection is particularly inappropriate because CBN alleges that many of Plaintiff's documents which are purported to be from CBN or signed by CBN are fraudulent. Dkt. No. 53 at 2. CBN also argues that the objection is improper as it pertains to documents Plaintiff has regarding Pearl Konsults, Michael Chukwu, Reuben Gale, Handelskrediet Kanto, accounts maintained at UBA Nigeria, and the documents that support Plaintiff's prosecution for alleged economic crimes, because Plaintiff does not assert that CBN has those documents. *Id.* CBN further argues that Plaintiff has improperly refused to produce documents relating to lawsuits he filed against the FGN on the grounds that Defendants have the

---

Request No. 3, Plaintiff is still continuing to research the matter and intends to provide a more complete response once responsive documents are identified. Plaintiff does not explain why the request requires more research than could be undertaken in time for a timely response and production.

documents. *Id.* at 3. CBN states that it is a separate legal entity from FGN and thus that Plaintiff should still be required to produce responsive documents to CBN, regardless of FGN's possession. *Id.*

Plaintiff submitted a letter in opposition to Defendants' motions to compel, representing that "Plaintiff has provided CBN the responsive documents that the Plaintiff currently has. All of it." Dkt. No. 56 at 2.

"Parties are entitled to discovery of documents in the 'possession, custody or control' of other parties, . . . so long as they are 'relevant to any party's claim or defense.'" *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) (quoting Fed. R. Civ. P. 26(b)(1)). Once the party seeking discovery has demonstrated relevance, the party resisting discovery "has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules," the discovery sought is "overly broad, burdensome or oppressive." *Id.* (citation omitted). Plaintiff's responses and objections fail to discharge his burden.

Plaintiff's objections on the basis that Defendants possess the responsive documents are insufficient. Although Federal Rule of Civil Procedure 26(b)(1) requires courts to consider "the parties' relative access to relevant information," Fed. R. Civ. P. 26(b)(1), there is no categorical rule that material within one party's possession is not discoverable by that party. *See, e.g.*, *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *5 (S.D.N.Y. Oct. 2, 2008) ("While Great American's files for this period may not contain anything that is not already in ACHI's files, this fact alone is an insufficient ground on which to quash the subpoena."); *Burns v. Bank of Am.*, 2007 WL 1589437, at *15 n.12 (S.D.N.Y. June 4, 2007) ("Even if Bank of America already possesses many of the documents in question, this is not a bar to its taking

4

discovery in this matter."); *see also* Charles A. Wright & Arthur R. Miller, 8 Fed. Prac. & Proc. Civ. § 2014 (3d ed.) ("[I]n the great majority of cases a party has been allowed to inquire about facts already known to him or her."). "Whether or not a party possesses certain documents may itself be relevant under certain circumstances." *Stokes v. Wayne Cnty.*, 2023 WL 4144507, at *7 (W.D.N.Y. June 23, 2023) (subsequent history omitted). "[O]ne of the purposes of discovery . . . is to ascertain the position of the adverse party on the controverted issues." *Rivera v. Affineco, LLC*, 2018 WL 1046317, at *5 (D. Conn. Feb. 26, 2018) (quoting *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 549 (S.D.N.Y. 1985)). Courts may deny duplicative or cumulative discovery where the burden of production is not offset by the material's relevance, but Plaintiff has not shown that is the case here. Even if certain of Plaintiff's responsive documents are also in Defendants' possession, Plaintiff's records could still be relevant to the issue of forgery. Plaintiff neither contests the documents' relevance nor establishes that production of the discovery sought would be so unreasonably duplicative or burdensome as to outweigh the likely benefit. Fed. R. Civ. P. 26(b)(2)(C) (emphasis added); *see Brunckhorst v. Bischoff*, 2022 WL 18358990, at *2 (S.D.N.Y. Dec. 28, 2022); *In re Alghanim*, 2018 WL 2356660, at *5 (S.D.N.Y. May 9, 2018).

Plaintiffs' objections on the basis that material may be available in unidentified public reports are improper. The Court's prior order expressly stated that, to the extent Plaintiff declined to produce a document because it was publicly available, he was obligated to identify such document. Dkt. No. 50. A litigant's failure to adhere to discovery rules and orders may warrant imposition of sanctions. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 124 (S.D.N.Y. 2018).

Plaintiff's incomplete discovery responses are also improper. Plaintiff's response to Request No. 87 that "he does not own or operate any account at UBA," for example, does not

5

excuse his failure to produce documents with respect to the other banks named in the request. Dkt. No. 53-2 (Plaintiff's response to Request No. 87). When a responding party objects to only a portion of a request for production, the party must still provide responses to those portions of the request for production not objected to. *See* Fed. R. Civ. P. 34(b)(2)(C); *Herman v. City of New York*, 334 F.R.D. 377, 383 n.6 (E.D.N.Y. 2020); *see also Syntel Sterling*, 328 F.R.D. at 124.

Plaintiff's objections to requests seeking the documents supporting specific allegations in Plaintiff's complaint on the grounds that such requests call for a legal conclusion are improper. "Document requests frequently call for all documents that the responding party contends support specific allegations in its complaint[;] [t]his request is not objectionable on the grounds that it calls for attorney work product." *Trustees of Loc. 854 Pension Fund v. Barrett*, 2024 WL 4026257, at *4 (S.D.N.Y. Sept. 3, 2024) (citation omitted).

Defendants' motions to compel are granted. Because Plaintiff's objections are improper, Plaintiff is ordered to produce all documents responsive to Defendants' requests no later than January 10, 2025. Plaintiff is ordered to produce supplemental responses to Defendants' requests stating only whether Plaintiff is producing responsive documents or has no responsive documents.

The Clerk of Court is respectfully directed to close Dkt. Nos. 53 and 55.

SO ORDERED.

Dated: December 30, 2024
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge