USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
  :
DR. LOUIS EMOVBIRA WILLIAMS,   :
  :
        Plaintiff,   :
  :
        -v-   :    23-cv-7356 (LJL)
  :
FEDERAL GOVERNMENT OF NIGERIA;   :    MEMORANDUM AND
ATTORNEY GENERAL OF THE FEDERAL   :    ORDER
GOVERNMENT OF NIGERIA; CENTRAL   :
BANK OF NIGERIA; JPMORGAN CHASE &   :
CO.; and JOHN DOES 1–10,   :
  :
        Defendants.   :
  :
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

Defendants Federal Government of Nigeria ("FGN") and the Attorney General of the Federal Government of Nigeria ("AG-FGN" and, together with FGN, the "Moving Defendants"), move for an order compelling Plaintiff Louis Emovbira Williams ("Plaintiff") to (1) provide supplemental responses to Moving Defendants' document requests and (2) either (a) produce all documents related to the three separate civil actions filed against Moving Defendants as well as Defendant Central Bank of Nigeria ("CBN" and, together with AG-FGN and FGN, "Defendants"), in the United Kingdom in 2008, 2016, and 2019, or (b) provide a detailed explanation of the diligent efforts made to secure those documents related to these civil actions. Dkt. No. 58. For the reasons that follow, moving Defendants' motion to compel is denied.

On December 30, the Court granted Defendants' motion to compel Plaintiff's to produce all documents responsive to Defendants' requests and, because Plaintiff's objections were improper, "to produce supplemental responses to Defendants' requests stating only whether

Plaintiff is producing responsive documents or has no responsive documents." Dkt. No. 57. Subsequently, Plaintiff served his second supplemental responses and objections to Defendants' requests for production. Dkt. No. 58-4. Plaintiff stated in his responses and objections that "Responding Plaintiff incorporates by reference all the General Objections listed in their [sic] original Responses, subject to the Orders of Judge Liman." *Id.* Nonetheless, Moving Defendants argue that Plaintiff's reference to his prior general objections is improper and that Plaintiff should thus be compelled to provide a third set of supplemental responses and objections omitting that statement. Dkt. No. 58. That is not necessary. The Court has already ruled that Plaintiff must produce all responsive documents, it does not appear that Plaintiff withheld any documents on the basis of the incorporated general objections, and Plaintiff expressly noted that the incorporation was subject to the orders of this Court. Removing the null reference to prior objections would not serve any purpose. Moving Defendants' request is therefore denied.

Plaintiff states that he cannot produce documents related to the 2008, 2016, and 2019 civil actions in the United Kingdom because he does not have possession of documents. Dkt. No. 59. He states that he "is aware of his continuing obligation to produce newly discovered and potentially responsive documents" and that his UK and Nigerian counsel have been directed to send him any responsive paperwork they obtain which he will then immediately share with the Defendants. *Id.* at 4. Moving Defendants argue that those representations are insufficient and claim that on December 30, 2024, the Court "instructed the Plaintiff 'to provide an affidavit or a sworn statement specifically stating which documents do not exist, every affirmative step that the plaintiff has taken to procure the requested documents and why he was not able to obtain the documents.'" Dkt. No. 58 at 2 (purportedly citing Dkt. No. 57 n.3). However, the Court's December 30 Order does not contain a third footnote nor order Plaintiff to provide any such affidavit. Dkt. No. 57. Instead,

2

on December 2, 2024, the Court denied Defendants' motion to compel Plaintiff to provide such an affidavit.  Dkt. No. 50.

Moving Defendants' request is in the nature of discovery on discovery as they seek documents and information that are not directly relevant to a claim or defense, but that are instead collateral.  *See Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020).  A party seeking discovery on discovery "must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Winfield v. City of New York*, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018) (quotations omitted).  Moving Defendants provide insufficient grounds to question Plaintiff's "good faith" attempts to obtain documents from the prior litigations in the United Kingdom.  Plaintiff's U.S. counsel, as an officer of the court, is expected to comply with Rules 26 and 34 in connection with searching, collecting, reviewing, and producing documents.  *See In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 4447869, at *8 (S.D.N.Y. July 11, 2023), *objections overruled*, 2023 WL 5432199 (S.D.N.Y. Aug. 23, 2023); *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 644 (S.D.N.Y. 2019), *aff'd*, 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020).  Moving Defendants do not identify a deviation from such duties.  Moving Defendants also do not show a basis for discovery on discovery of items presumably in their possession—the records of prior litigations to which Defendants were parties.[1]

---

[1] In its December 30 Order, the Court recognized that material within one party's possession may still be discoverable by that party, particularly where a party's possession of the material is relevant to any party's claims or defenses, such as the issue of forgery in this case. Dkt. No. 57 at 4–5 (collecting cases).  Moving Defendants do not articulate why Plaintiff's possession of the documents filed in the U.K. litigations would be relevant to this case and therefore discovery on discovery regarding Plaintiff's possession is particularly collateral to the issues in this case. *See Williams v. NYC Bd. of Elections*, 2024 WL 3567395, at *4 (S.D.N.Y. July 29, 2024).

Defendants can inquire at Plaintiff's deposition "both about the documents that have been produced and those that have not been produced." *See Haroun*, 2020 WL 6828490, at *2. If, based on the deposition or otherwise, Defendants creates a record, they may have a basis for discovery on discovery or for sanctions, including, *inter alia*, the ability to depose Plaintiff a second time at Plaintiff's expense.

The motion to compel is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 58.

SO ORDERED.

Dated: February 14, 2025
      New York, New York

_____
            LEWIS J. LIMAN
          United States District Judge