A.O.E LAW & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
880 W. 1ST STREET, SUITE 213
LOS ANGELES, CA 90012
CALL: 213.620.7070 FAX: 213.620.1200

ANTHONY O. EGBASE, *ESQ.**
SHANA Y. STARK, *ESQ.*

GERALD O. EGBASE, ESQ
ALIYAH J. GUIDRY, ESQ.
DEBRA WILLIAMS *(MANAGER).*

October 20, 2026

**VIA ECF**

The Honorable. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, New York 10007

MEMO ENDORSEMENT.
The Court will hold a status conference to address this matter on October 28, 2026 at 10:00AM. The conference will be held remotely via Microsoft Teams video conference. The parties will be provided instructions for accessing the conference via email. Members of the public can access the conference by dialing into the Court's audio only teleconference line at 646-453-4442 and using conference ID# 358639322.

10/21/2026 SO ORDERED.
LEWIS J. LIMAN
United States District Judge

**Re: Williams v. Federal Government of Nigeria et al.**
**Case No.: 1:23-cv-7356 (LJL)**

Defendants FGN and AG's Response to the Court's October 9, 2026, Order and Joinder in CBN's Request for Dismissal Without Prejudice

Dear Judge Liman:

We represent Defendants Federal Government of Nigeria ("FGN") and the Attorney-General of the Federal Government of Nigeria ("AG"). We write pursuant to the Court's October 9, 2026 Order (Dkt. No. 78) to report that counsel for the parties met and conferred on October 15, 2026, concerning the English High Court's anti-enforcement injunction and whether this action should be dismissed without prejudice. FGN, AG, and the Central Bank of Nigeria ("CBN") agree that dismissal without prejudice is appropriate. Plaintiff Louis Emovbira Williams opposes dismissal. FGN and AG join CBN's request for dismissal without prejudice and adopt the grounds supporting that relief set forth in CBN's October 19, 2026 letter.

As the Court's Order recounts, the June 10, 2025 Stipulation and Order provided that, if the English High Court granted the anti-enforcement injunction, the parties would abide by that decision and no further proceedings would take place in this action until the injunction was vacated. *Dkt. No. 72*. The High Court granted the injunction, as reported in CBN's August 29, 2025 submission. *Dkt. Nos. 77, 77-1*.

While the premise for continued suspension of enforcement proceedings remains in place, the English High Court's findings cast serious doubt upon the enforceability of Williams's default judgment.

As already detailed CBN's letter, the English High Court described FGN and AG's case on the merits as strong on its face and concluded that there was a compelling case that enforcement before determination of their fraud challenge would be vexatious and oppressive. *Dkt. No. 77-1, Approved Judgment ¶ 20*. It further concluded that, on the evidence then before

it, it was "highly probable" that FGN and AG would succeed at trial in establishing that an anti-enforcement injunction should be granted. *Dkt. No. 77-1*, *Approved Judgment* ¶ *20*. In paragraph 22, the High Court rejected Williams's contention that there was no evidence of fraud or serious issue to be tried, emphasizing that FGN and AG advanced an apparently strong case of fraud. *Id.* ¶ *22*.

Though these findings do not constitute a final adjudication of the fraud claim by the English High Court, they substantially undermine the present basis for pursuing enforcement here. This Court need not retain the action on its docket indefinitely while the English proceedings run their course. A determination in the English High Court may itself be followed by applications for further review or appeals by whichever party receives an adverse ruling, extending the period during which the availability of enforcement remains unresolved. FGN and AG respectfully submit that dismissal without prejudice is the appropriate disposition in these circumstances.

As CBN noted in its letter, the underlying events alleged by Williams occurred in England and Nigeria, rather than New York. Maintaining this suspended enforcement action would serve little practical purpose while the court that issued the underlying judgment considers whether it was procured by fraud. Dismissal without prejudice would avoid an indefinite pendency in this court without the finality from the U.K. proceedings required do adjudicate Williams's enforcement claim in the U.S.

Accordingly, FGN and AG respectfully join CBN in requesting that the Court dismiss this action without prejudice. This request does not waive any defenses or objections available to FGN or AG.

We thank Your Honor for considering this matter.

Respectfully submitted,

AOE Law & Associates

*/s/ Gerald O. Egbase*

Gerald O. Egbase
**AOE Law & Associates**
Email:ge-aoe@baselaw.net
Counsel for Defendants FGN and AG

cc: All counsel of record (via ECF)

David H. Fromm, Esq
Baruch S. Gottesman, Esq.
Fred G. Wexler, Esq.
Robert J. Brown, Esq.